# Flathead County District Court

SEARCHES    CASES    SCHEDULING

PUBLICACCESS : Cases By Party Search· DV-15-2025-0001090-DQ· ROA Summary· ROA Listing

## ROA LISTING ▸ DV-15-2025-0001090-DQ    Robert Paul Yann Savoie Zarate vs. Google Inc et al.

### REPORT OPTIONS

| | |
|---|---|
| SHOW CLERK ID'S ▸ | ☐ |
| SHOW ROA CODES ▸ | ☐ |
| SHOW JUDGES ▸ | ☐ |
| SHOW SINGLE ENTRY FOR SAME ROA CODES ON SAME DAY ▸ | ☐ |
| WITH DOCUMENT ▸ | ☐ |
| DOCUMENT SEQUENCING ONLY ▸ | ☐ |
| SORT LISTING ORDER ▸ | ○ Newest First  ○ Oldest First  ● Document Sequence Number |

### ROAS

| SEL | DOCUMENT SEQUENCE | ROA DATE | ROA CODE | ROA TEXT |
|---|---|---|---|---|
| ☑ | 1.00 | 07/15/2025 | DOCS | Complaint for Defamation Injunctive Relief, Damages and Punitive Damages (Filed By Robert on behalf of Zarate, Robert Paul Yann Savoie) 452380 $120.00 |
| ☑ | 2.00 | 08/04/2025 | DOCS | Motion to Add Additional Defendants (Filed By Zarate, Robert on behalf of Zarate, Rol Yann Savoie) |
| ☑ | 3.00 | 08/04/2025 | DOCS | Motion for Jury Trial (Filed By Zarate, Robert on behalf of Zarate, Robert Paul Yann S. |
| ☑ | 4.00 | 08/06/2025 | DOCS | First Amended Complaint (Filed By Zarate, Robert on behalf of Zarate, Robert Paul Ya Savoie) |
| ☑ | 4.01 | 08/06/2025 | DOCS | Duplicate Summons_Not Issued (Filed By Zarate, Robert on behalf of Zarate, Robert Yann Savoie) |
| ☑ | 4.10 | 08/08/2025 | DOCS | Notice of Appearance (Filed By Kelly, Matt on behalf of DuckDuckGo; Microsoft Corpc Yahoo Ad Tech LLC ) 454728 $210.00 |
| ☑ | 4.20 | 08/08/2025 | DOCS | Notice of Entry of Appearance (Filed By Lopach, Paul on behalf of Google Inc ) |
| ☑ | 4.30 | 08/08/2025 | DOCS | Unopposed Motion for Extension of Time (Filed By Kelly, Matt on behalf of Microsoft Corporation; DuckDuckGo; Yahoo Ad Tech LLC ) |
| ☑ | 4.35 | 08/08/2025 | DOCS | D's Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond to F Amended Complaint |
| ☑ | 4.40 | 08/11/2025 | DOCS | Motion to Add Defendants_Duplicate |
| ☑ | 4.50 | 08/11/2025 | DOCS | Motion for Jury Trial_Duplicate |
| ☑ | 5.00 | 08/14/2025 | IS | Summons Issued on The Bank of Nova Scotia 08/14/2025 |
| ☑ | 6.00 | 08/14/2025 | IS | Summons Issued on Radio-Canada Inc 08/14/2025 |
| ☑ | 7.00 | 08/14/2025 | IS | Summons Issued on Conseiller.CA 08/14/2025 |
| ☑ | 8.00 | 08/14/2025 | IS | Summons Issued on Press Reader Inc 08/14/2025 |
| ☑ | 9.00 | 08/15/2025 | IS | Summons Issued on Jean-Sebastien Perreault 08/15/2025 |
| ☑ | 10.00 | 08/15/2025 | IS | Summons Issued on Cayman Compass 08/15/2025 |
| ☑ | 11.00 | 08/15/2025 | IS | Summons Issued on Andre Dubuc 08/15/2025 |
| ☑ | 12.00 | 08/15/2025 | IS | Summons Issued on La Presse Inc 08/15/2025 |
| ☑ | 13.00 | 08/15/2025 | IS | Summons Issued on Groupe TVA Inc 08/15/2025 |
| ☑ | 14.00 | 08/15/2025 | IS | Summons Issued on Quebecor Media Inc 08/15/2025 |
| ☑ | 15.00 | 08/15/2025 | IS | Summons Issued on Jean-Francois Cloutier 08/15/2025 |
| ☑ | 16.00 | 08/15/2025 | IS | Summons Issued on Pierre Karl Peladeau 08/15/2025 |
| ☑ | 17.00 | 08/15/2025 | IS | Summons Issued on Microsoft Corporation 08/15/2025 |
| ☑ | 18.00 | 08/15/2025 | IS | Summons Issued on MediaQMI Inc 08/15/2025 |
| ☑ | 19.00 | 08/15/2025 | IS | Summons Issued on DuckDuckGo 08/15/2025 |

**EXHIBIT B**

| | | | |
|---|---|---|---|
| ☑ | 20.00 | 08/15/2025 IS | Summons Issued on Google North America Inc 08/15/2025 |
| ☑ | 21.00 | 08/15/2025 IS | Summons Issued on Yahoo Ad Tech LLC 08/15/2025 |
| ☑ | 22.00 | 08/15/2025 IS | Summons Issued on Quebecor Inc 08/15/2025 |
| ☑ | 23.00 | 08/15/2025 IS | Summons Issued on Placements Peladeau 08/15/2025 |
| ☑ | 24.00 | 08/15/2025 IS | Summons Issued on Google Inc 08/15/2025 |
| ☑ | | 08/08/2025 PROP | Proposed Order |
| ☑ | | 08/08/2025 PROP | Proposed Order |
| ☑ | | 08/19/2025 DOC$ | Appearance Fee (No Doc) 454845 $70.00 |
| ☑ | | 08/19/2025 DOC$ | Appearance Fee (No Doc) 454846 $70.00 |

[ REFRESH ]    [ CANCEL ]

CLERK OF DISTRICT COURT

2025 JUL 15 PM 2:47

**COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, DAMAGES, AND FILED
PUNITIVE DAMAGES**
*(Civil Action for Defamation and Related Causes)*

BY_____
DEPUTY

COURT FILE NO.: [To be Assigned]

# IN THE DISTRICT COURT OF THE STATE OF MONTANA

**Flathead County**

DV-25-1090

**BETWEEN:**

**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff

**DANNI COFFMAN**

— and —

**GOOGLE NORTH AMERICA INC. and GOOGLE LLC**
**MICROSOFT CORPORATION**(OWNER AND OPERATOR OF BING)
**YAHOO AD TECH LLC (YAHOO INC.)**
**DUCKDUCKGO INC.**
**MédiaQMI Inc.**(the company that owns and operates Le Journal de Montréal)
**QUÉBECOR MÉDIA INC.**(OWNER OF MEDIAQMI INC.)

**QUÉBECOR INC.**(OWNER of Quebecor Media inc.)
**GROUPE TVA INC.**(OWN BY QUEBECOR MEDIA INC)
**PLACEMENTS PÉLADEAU**(Owner of Quebecor RELATED TO PIERRE KARL PÉLADEAU)
**PIERRE KARL PÉLADEAU**(PRESIDENT OF MEDIAQMI, QUEBECOR MEDIA INC,PLACEMENT PELADEAU)
**JEAN-FRANÇOIS CLOUTIER**(JOURNALIST AT JOURNAL DE MONTRÉAL)
**LA PRESSE INC.**
**RADIO-CANADA INC.**
**CAYMAN COMPASS**
**PRESS READER INC.**
**CONSEILLER.CA** OWN BY MÉDIA STRANS CONTINENTAL SE.N.C.
**JOHN DOE CORPORATION**(DEFENDANT-UNKNOWN COMPANY)

Defendant

## PART 1 – PARTIES

1. **The Plaintiff, Robert Paul Yann Savoie Zarate**, is an individual who, at the time of the publication of the defamatory statements complained, **was living and physically present** in the **State of Montana and still today maintains** ongoing business and economic ties to Montana through **multiple Montana-registered corporations**, including:

- o **Hurricane Air Rescue Private Charters Inc.** (Montana Corporation No. D1230597),

- o **Private Retreats Montana Inc.**.

The Defendant, **GOOGLE LLC,** is a multinational technology company headquartered in **Mountain View, California,** engaged in search engine services and online content indexing. **Google LLC** is responsible for operating the **Google search engine** that indexed and republishes defamatory content about the Plaintiff accessible in the State of Montana..

The Defendant, **MICROSOFT CORPORATION,** is a multinational technology company headquartered in **Redmond, Washington,** that owns and operates the **Bing** search engine, which indexes and republishes defamatory content accessible in the State of Montana...

The Defendant, **YAHOO INC.,** is a multinational technology company headquartered in **Sunnyvale, California,** providing search engine services and online content indexing and republishes defamatory content accessible in the State of Montana...

The Defendant, **DUCKDUCKGO INC.,** is a private search engine company headquartered in **Paoli, Pennsylvania,** providing privacy-focused search engine services accessible and republishes defamatory content in the State of Montana...

The Defendant, **JOURNAL DE MONTRÉAL,** is a Canadian French-language newspaper owned by **QMI MEDIA** and headquartered in **Montréal, Québec, Canada,** engaged in publishing and distributing defamatory news and information accessible in the State of Montana..

The Defendant **Québecor Média Inc.** (Owner of MédiaQMI Inc.)
The Defendant, **Québecor Média Inc.,** is the parent company of **MédiaQMI Inc.,** headquartered in Montréal, Québec, Canada, engaged in media publishing, including distributing defamatory content accessible in the State of Montana.

The Defendant **Québecor Inc.** (Owner of Quebecor Media Inc.)
The Defendant, **Québecor Inc.,** is a Canadian multinational media and telecommunications company, responsible for overseeing the operations of **Québecor Média Inc.,** including media properties like **Le Journal de Montréal,** which republished defamatory material.

The Defendant, **LA PRESSE INC.,** is a media corporation headquartered in **Montréal, Québec, Canada,** engaged in publishing and distributing Defamatory news and information globally and accessible in the State of Montana..

**Groupe TVA Inc.**

The Defendant, **JEAN-FRANÇOIS CLOUTIER,** is an individual journalist employed by or associated with **JOURNAL DE MONTRÉAL,** personally responsible for authoring and/or contributing to the defamatory publications referenced herein.

The Defendant, **PIERRE KARL PÉLADEAU,** is an individual who is the president and controlling shareholder of **QMI MEDIA INC., QUEBECOR INC.** and **LES PLACEMENTS PÉLADEAU INC.,** and as such, he is personally responsible for overseeing the activities of the **media company,** including the publications that defamed the Plaintiff. He is also responsible for promoting and authorizing defamatory content.

The Defendant, **LES PLACEMENT PÉLADEAU,** is a company under the ownership and control of **Pierre Karl Péladeau,** which directly or indirectly participated in the publication and perpetuation of defamatory statements about the Plaintiff.

The Defendant, **CONSEILLER.CA,** is a publishing company own **MÉDIAS TRANSCONTINENTAL S.E.N.C.,** which, through its platform, contributed to the republication of the defamatory material.

The Defendant, **CAYMAN COMPASS,** is a news publication based in the **Cayman Islands,** which has disseminated defamatory material about the Plaintiff.

The Defendant, **PRESSREADER INC.,** is a digital platform provider based in **Richmond, British Columbia, Canada,** specializing in the distribution of newspapers and magazines, which republished defamatory content.

The Defendant, **JOHN DOE CORPORATION,** is an unknown company responsible for further dissemination of defamatory content.

## II. JURISDICTION AND VENUE

1. **Jurisdiction is proper in this Court because the Plaintiff suffered substantial harm, including reputational injury, emotional distress, and economic loss, while physically present in Montana.**

2. **The Plaintiff continues to maintain business operations and economic ties to Montana through his Multiple Montana-registered corporations.**

3. **The defamatory statements caused direct injury to the Plaintiff's personal and business reputation in Montana, resulting in destruction of prospective business opportunities and future income linked to Montana-based operations.**

4. **Venue is proper in Flathead County pursuant to applicable Montana statutes because a substantial part of the harm occurred in this jurisdiction, and the Plaintiff's businesses are located and operate in this County.**

## III. FACTUAL BACKGROUND

1. **Between 2009 and 2023, multiple defamatory articles and publications falsely portraying the Plaintiff in a negative light were published online by various third-party news outlets and are still Online Today even after Multiple notice to Remove.**

2. These defamatory materials have been continuously indexed, displayed, and amplified in Google's search engine results and on other platforms controlled by the Defendants, causing ongoing reputational, economic, and emotional harm to the Plaintiff. As of the current date, these materials continue to be accessible and are actively causing harm to the Plaintiff's reputation and livelihood.

3. Despite being formally notified on at least three separate occasions of the false and defamatory nature of these publications, Google LLC and other Defendants have refused to de-index or remove the URLs from their respective platforms.

4. Most recently, on June 5, 2025, Google again refused to remove the defamatory URLs, willfully disregarding the Plaintiff's rights and reputation

5. The continued publication and republication of these defamatory materials by the Defendants has caused and continues to cause substantial personal, professional, and economic damages to the Plaintiff, with the harm felt acutely within the State of Montana

6. Alleged Coordinated Collusion in between Police and Media:
    1. The Plaintiff alleges that the Defendants—comprising both law enforcement officers and certain media organizations—worked in tandem to create and spread a false narrative designed to harm the Plaintiff's reputation and destroy his personal and professional life.
    2. Specifically, the Plaintiff contends that false claims made by the police were deliberately shared with media outlets who then broadcasted defamatory and misleading stories that further distorted the Plaintiff's character and actions.
    3. This collaboration between law enforcement and the media resulted in serious and lasting consequences for the Plaintiff, including reputational harm, emotional distress, and a profound disruption to his personal and business life.
    4. Defendant Media Outlets: Various media organizations, including Journal de Montreal, La press who, acting on the false information provided by the Defendants in law enforcement, propagated defamatory stories that painted the Plaintiff as a criminal, without verification or any legitimate evidence.

## PART 2 – DEFAMATORY PUBLICATIONS BY JOURNAL DE MONTRÉAL AND TVA NOUVELLES

1. Journal de Montréal and TVA Nouvelles are defendants who published and disseminated multiple false, defamatory statements about the Plaintiff, portraying him as a criminal, fraudster, and fugitive.

2. False Allegations:

- o The **Journal de Montréal** article published on **April 18, 2015, and still online today the 11 july 2025** described the Plaintiff as being involved in a **fraudulent scheme**, falsely claiming that the Plaintiff had **fled Canada, lived illegally under tropical conditions**, and had **evaded prosecution**.

- o The article also falsely claimed that the Plaintiff was **guilty** of **fraud, criminal activity**, and other illegal actions, without any **evidence** to support these claims. It ignored the **presumption of innocence** that should apply to the Plaintiff.

3. **False Imprisonment and Fraud Allegations:**

- o **TVA Nouvelles** published an article on **September 19, 2012 and still online today the 11 july 2025**, falsely claiming that the Plaintiff was involved in a **fraud affecting 120 Canadian victims** and was **arrested in Panama**. The article portrayed the Plaintiff as a **fugitive** and someone who was actively **avoiding law enforcement**.

- o The article further falsely suggested that the Plaintiff was involved in the **fraudulent manipulation of Canadian stocks**, including references to his supposed role in **Project Carrefour** and accusations of **financial crimes**.

4. **Falsely Portraying the Plaintiff as a Fugitive:**

- o All **Journal de Montréal,TVA Nouvelles and La Press** portrayed the Plaintiff as a **criminal fugitive**, without any factual basis, despite the Plaintiff's **innocence** and **lack of conviction** for the crimes accused.

5. **Failure to Correct and Presumption of Innocence:**

- o Despite the false nature of these accusations, both **Journal de Montréal** and **TVA Nouvelles never corrected** their claims after more than 10 to 15 years, nor did they issue an **apology** or acknowledge the **presumption of innocence** owed to the Plaintiff under both **Canadian law** and **Montana law**.

- o The Defendants **damaged the Plaintiff's reputation** by failing to correct these defamatory statements, perpetuating false claims of exaggerated **guilt** and **criminality**.

## PART 3 – CAUSES OF ACTION

**1. Defamation:**

The Plaintiff claims defamation against the Defendants based on the following:

- **False Statements:** The Defendants published false and defamatory statements in their articles, labeling the Plaintiff as a **fraudster, criminal**, and **fugitive**.

- **Harm to Reputation: These false statements have caused extreme substantial harm to the Plaintiff's personal and professional reputation**. The Plaintiff's ability to engage in business, personal relationships, and public life has been significantly damaged by the Defendants' publications.

## 2. Violation of the Presumption of Innocence:

The Plaintiff claims that the Defendants violated the **presumption of innocence** guaranteed under both **Canadian law** and **Montana law**. By presenting the Plaintiff as **guilty of criminal activity** without due process or any legal conviction, the Defendants have acted in a manner that disregards **the fundamental legal principle that any accused individual is presumed innocent until proven guilty in a court of law.**

## 3. False Light:

The Plaintiff claims that the Defendants have published information that places him viciously & intentionally in a **false light** in the public eye, contrary to the **right to privacy** and the **right to be treated fairly**:

- **Falsely portraying the Plaintiff as a fugitive, fraudster,** and **criminal**.

- **Depicting the Plaintiff as evading justice** when he was never involved in any criminal evasion or fraudulent activity.

## 4. Emotional Distress:

**The Plaintiff claims emotional distress resulting from the false portrayal by the Defendants.** The mental anguish and psychological harm suffered for 15 years due to these publications, combined with the ongoing **public humiliation**, have **caused significant emotional damage to the Plaintiff.** I am no longer the same sweet person I was before! I honestly feel destroyed, enraged, and a victim of injustice.

## 5. Financial Loss:

The Plaintiff claims that the defamatory publications caused extreme **economic harm**. Due to the **false accusations of fraud** and **criminal activity**, the Plaintiff has suffered **financial losses,** including:

- **Extreme Loss of business opportunities.**

- **Damage to the Plaintiff's personal and professional relationships.**

- **The Plaintiff's ability to engage in business and secure contracts has been severely compromised due to the false and misleading publications.**

## 6. Violation of Privacy:

The Plaintiff claims a violation of privacy due to the **unauthorized publication of personal details,** including the Plaintiff's name, past activities, and association with alleged criminal acts,

which have been presented without consent or factual evidence to support the claims made in the articles.

**7. Malicious Prosecution** (if applicable):

The Plaintiff claims as cause 2 other **malicious prosecution** or **wrongful prosecution** based on the false information published by the Defendants. The Plaintiff was subjected to **unwarranted legal scrutiny** and has faced **false allegations** of fraud and criminal activity without proper evidence or due process.

**8. False Imprisonment/Detention:**

The Plaintiff claims **false imprisonment** and detention resulting from the **wrongful cancellation of their passport** and travel restrictions for more than 763 days. The Plaintiff asserts that the Defendants' **false claims** led to the unjust **revocation of the Plaintiff's passport** multiple times, preventing the Plaintiff from freely traveling and attending legal proceedings, **including this current case.**

**9. Breach of Rights under International Law:**

The Plaintiff claims that the **false and defamatory articles** have violated international principles under the **Universal Declaration of Human Rights (UDHR)** and other international conventions, which protect individuals from being subjected to **public defamation** and **false accusations** without due process.

**10. Injunctive Relief:**

The Plaintiff seeks an **injunction** to prevent further **dissemination** of the defamatory content, including:

- **Removal of defamatory articles** from the **Google** search engine and other **online platforms.**
- **Cease and desist orders** for further defamatory statements regarding the Plaintiff's name and business activities.

**11. Request for Video Conference Hearing:**

The Plaintiff requests that the Court grant a **video conference hearing** for the Plaintiff to attend the **Court proceedings** remotely, given the **ongoing restrictions** on travel resulting from the **passport cancellations** and the **inability** to travel internationally.

**Relief Sought:**

In addition to the above causes of action, the Plaintiff seeks the following **relief**:

- **Compensation** for damages to **reputation, mental distress,** and **financial loss.**
- **Injunctive relief** to prevent further defamation.
- **Apologies** from the Defendants and a **retraction** of the false statements.

- **Pre-judgment and post-judgment interest** on any damages awarded.

# DEFANDANT-1 – TVA AND JOURNAL DE MONTRÉAL'S FAILURE TO RESPOND TO DEFAMATORY CONTENT REMOVAL REQUESTS

1. **Failure to Comply with Right to Be Forgotten**
   The Plaintiff claims that **TVA** and **Journal de Montréal**, as prominent media outlets, have violated the Plaintiff's **right to be forgotten** by willfully failing to remove defamatory articles from their platforms despite multiple formal requests from the Plaintiff.

2. **Requests for Takedown Ignored**
   The Plaintiff sent multiple formal notices, including the **mise en demeure** dated **April 17, 2025**, to **TVA** and **Journal de Montréal** demanding the immediate removal of defamatory content published by these outlets. Despite these formal notices, no action was taken by the Defendants to de-index or remove the false, defamatory, and damaging articles.

   o  The Plaintiff will provided evidence of these notices, including **delivery confirmations** (see **Exhibit: Signature Reception**), showing that these notices were sent and received. However, the Defendants continue to ignore the Plaintiff's rights.

3. **Defamatory Articles Involved**

   o  **TVA** and **Journal de Montréal** published several defamatory articles that falsely portrayed the Plaintiff in a criminal light, including:

      ▪ **"Un Québécois épinglé au Panama"** (TVA Nouvelles, September 19, 2012)

      ▪ **"Un vol de bateau explique une route entre paradis fiscaux"** (Journal de Montréal, February 22, 2015)

      ▪ **"Attrape-moi si tu peux"** (Journal de Montréal, April 18, 2015)

   o  Despite repeated formal requests, these articles remain accessible online, causing ongoing harm to the Plaintiff's reputation.

4. **Failure to Correct Defamatory Claims and Apologize**
   The Defendants have failed to correct these defamatory claims or issue any public apology or retraction. The Plaintiff has repeatedly requested a public retraction and an apology, but the Defendants have not acted on these demands.

- This ongoing failure constitutes not only a violation of the Plaintiff's privacy and defamation rights but also exacerbates the damage to the Plaintiff's personal, professional, and business reputation.

5. **Consequences of Defamatory Articles**

    - **Damage to Reputation:** The false portrayal of the Plaintiff as a criminal and fugitive has caused severe reputational harm, preventing the Plaintiff from fully engaging in personal and professional activities.

    - **Violation of the Presumption of Innocence:** By perpetuating the false narrative, the Defendants have disregarded the Plaintiff's legal right to the presumption of innocence and the right to privacy, as guaranteed under both Canadian and Montana law.

6. **Request for Injunctive Relief**
    **The Plaintiff respectfully requests that the Court issue an injunction ordering the permanent removal** of these defamatory articles from the **TVA** and **Journal de Montréal** platforms. This injunction should also prevent the Defendants from republishing similar defamatory content in the future.

# DEFANDANT-2 – LA PRESSE'S FAILURE TO RESPOND TO DEFAMATORY CONTENT REMOVAL REQUESTS

1. **Failure to Remove Defamatory Article**
    The Plaintiff claims that **La Presse** has intentionally perpetuated defamatory content by refusing to remove the article published on **December 12, 2013**, titled *"Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama"*, written by journalist **André Dubuc**. Despite formal requests, including a **Legal Notice** dated **April 17, 2025**, La Presse has failed to take any corrective actions, thereby continuing to inflict harm upon the Plaintiff's reputation, emotional well-being, and business operations.

2. **Refusal to Amend or Retract the Defamatory Article**
    The Plaintiff sent multiple legal notices demanding the immediate removal, retraction, and correction of the article, as well as a public apology. **La Presse's** refusal to comply with these demands has allowed the article to remain accessible online, perpetuating false claims of criminality and fraud that have no factual or legal basis.

    - **La Presse's** assertion that the article was based on judicial records is misleading. The article was a malicious publication, falsely branding the Plaintiff as a "fraudeur" without any legal conviction or evidence to support such a claim.

3. **Ongoing Harm Caused by the Article**

   o The article continues to falsely associate the Plaintiff with a criminal operation, despite no legal findings or evidence to substantiate the claims.

   o The Plaintiff's **right to be forgotten** has been disregarded, as **La Presse** continues to allow this defamatory material to circulate freely, causing irreversible damage to the Plaintiff's personal and professional reputation.

   o As a result of **La Presse**'s refusal to remove the defamatory article, the Plaintiff is seeking damages for **reputational harm, psychological distress, economic losses,** and **constitutional rights violations.**

4. **Request for Injunctive Relief**

   o The Plaintiff respectfully requests that the Court issue a permanent injunction requiring **La Presse** to remove the article from their website and archives. Additionally, the Plaintiff seeks an order for **La Presse** to issue a **formal public retraction** and **apology** for publishing and perpetuating the defamatory content.

# DEFANDANT-3 – RADIO CANADA'S FAILURE TO RESPOND TO RIGHT TO BE FORGOTTEN REQUESTS

1. **Violation of the Right to be Forgotten**
   The Plaintiff claims that **Société Radio-Canada** (CBC/Radio-Canada), by failing to remove the defamatory article published on their website and accessible at https://ici.radio-canada.ca/nouvelle/504506/arrestations-presumees-fraudes, has violated the Plaintiff's **right to be forgotten,** which is enshrined in privacy and defamation law. Despite repeated requests to remove the article and its continued harm to the Plaintiff's reputation, Radio-Canada has failed to take any corrective action.

2. **Formal Takedown Requests Ignored**
   The Plaintiff issued more than three formal notices, including a **mise en demeure,** requesting the immediate removal of the article from Radio-Canada's website, yet these requests were ignored. The Plaintiff's legal notices, dated **April 17, 2025, April 25, 2025,** and **June 5, 2025,** explicitly demanded the removal of this defamatory content, yet no response was received, and no action was taken by Radio-Canada to comply with these requests.

3. **Ongoing Harm and Legal Action**
   The continued publication of this defamatory article is causing ongoing harm to the Plaintiff's reputation, emotional well-being, and business operations. Despite the Plaintiff's rightful requests to de-index and remove the article, Radio-Canada has willfully disregarded these concerns. This persistent failure to remove the false

information constitutes a continuing tort under both Canadian and U.S. law and further exacerbates the damage caused by the Defendants' coordinated efforts to destroy the Plaintiff's life.

4. **Defamation and Privacy Violations**
The Plaintiff claims that Radio-Canada's failure to address these takedown requests and to remove the defamatory content is in direct violation of the Plaintiff's rights under privacy laws, defamation standards, and international human rights protections. The Plaintiff requests an injunction from this Court, ordering Radio-Canada to permanently remove the defamatory article from its platform and to cease further republication of any similar defamatory material.

1. # DEFANDANT-4 Conseiller.ca REFUSAL BY NOT RESPONDING TO DEMAND FOR REMOVAL

2. **Failure to Respond to Defamatory Content Removal Requests**
The Plaintiff claims that several Defendants, including **Conseiller.ca** OWN BY MÉDIA STRANS CONTINENTAL SE.N.C. and its related parties, have failed to respond to the Plaintiff's formal legal notices demanding the immediate removal of defamatory content published by these outlets. These notices have been ignored, leading to the ongoing perpetuation of false and damaging information about the Plaintiff.

3. **Formal Notice Sent to Conseiller.ca**

   o On **May 2, 2025**, the Plaintiff sent a formal **Legal Notice** to **Conseiller.ca own by** , outlining the defamatory nature of an article titled *"Interdiction d'exercice contre 16 individus et 7 pseudo-cabinets"*, published on **December 10, 2009** and later updated in **2023**.

   o The Plaintiff demanded the immediate removal of the article and all related content referencing the Plaintiff or their company, **Air Bermuda Inc.**, arguing that the content falsely associates the Plaintiff with criminal activity, which has caused significant reputational, emotional, and financial harm.

4. **Failure to Act in Good Faith**
Despite the Plaintiff's clear and reasonable demands, **Conseiller.ca** failed to take appropriate action to remove the defamatory content or correct the misleading representations. This inaction has allowed the false narrative to persist, further harming the Plaintiff's personal and professional reputation. The Plaintiff has also presented evidence of this failure, including documentation of the legal notice and communication.

5. **Consequences of Defendants' Inaction**

- The **failure to remove** the defamatory content has caused ongoing harm to the Plaintiff's **business relationships, contractual opportunities**, and **financial success**. The Plaintiff has lost millions of dollars in contracts and business opportunities, directly linked to the continued online publication of this defamatory material.

- The Plaintiff's **right to be forgotten** has been further violated by the refusal to remove content that has been online for over 14 years and updated as recently as 2023, causing continuous harm under the **continuous publication doctrine**.

6. **Request for Immediate Action**

- The Plaintiff demands immediate compliance with the removal request for the defamatory article, including:

    - **Permanent takedown** of the article from **Conseiller.ca** and any related digital archives.

    - **Formal confirmation** from **Conseiller.ca** that the article has been removed and that no similar defamatory material will be republished.

    - A written **public apology** for publishing misleading and false information about the Plaintiff.

7. **Legal Actions Pending**

- If the Defendants continue to ignore the Plaintiff's demands, the Plaintiff intends to file a **lawsuit in Flathead County, Montana** to seek damages for **reputational harm, emotional distress**, and **lost business opportunities**.

- The Plaintiff will also seek **punitive damages** and **injunctive relief** to prevent further dissemination of defamatory content.

## DEFANDANT-5 CAYMAN COMPASS' FAILURE TO RESPOND TO MULTIPLE REMOVAL REQUESTS

1. **Failure to Respond to Takedown Requests**
   The Plaintiff claims that **Cayman Compass** has repeatedly failed to respond to formal takedown requests demanding the removal of defamatory articles about the Plaintiff. Despite multiple requests, including formal notices dated **April 22, 2025**, and **February 12, 2025**, Cayman Compass has refused to act on these requests, allowing harmful and defamatory content to remain accessible online and continue to damage the Plaintiff's reputation.

2. **Formal Notices Ignored**
   The Plaintiff sent multiple legal notices to **Cayman Compass** over a span of **three years**

requesting the removal of defamatory articles. These notices were clear, providing a deadline of **April 25, 2025**, for the removal of defamatory content, including:

- o **"Bail refused after alleged boat theft"** (published December 31, 2014)

- o **"Bad sailor not guilty of boat theft"** (published March 13, 2015)
  Despite the Plaintiff's attempts, **Cayman Compass** failed to respond to any of these notices, disregarding the harm caused by the continued publication of these articles.

3. **Violation of the Right to Be Forgotten**
   The Plaintiff argues that **Cayman Compass's** failure to remove these defamatory articles violates the **right to be forgotten**, a legal principle that protects individuals from continued harm caused by outdated or inaccurate online content. These articles have been online for over **10 years** and continue to damage the Plaintiff's reputation despite the Plaintiff's exoneration and no conviction in any criminal proceedings.

4. **Ongoing Harm from the Defamatory Content**
   The Plaintiff continues to suffer substantial harm, including **emotional distress** and **lost business opportunities**, because the defamatory articles remain publicly accessible and indexed by major search engines. The **Cayman Compass's** refusal to comply with formal takedown requests further exacerbates this harm, leading to continuous reputational damage.

5. **Request for Immediate Action**
   The Plaintiff demands that **Cayman Compass** immediately:

   - o **Remove** the defamatory articles from their website and archives.

   - o **De-index** the articles from search engines, including Google, Bing, and others.

   - o **Issue a public retraction** and apology for publishing the defamatory content that has harmed the Plaintiff.

6. **Legal Actions and Consequences of Inaction**
   If **Cayman Compass** continues to ignore the Plaintiff's requests, the Plaintiff will proceed with filing a **$17.5 million lawsuit** in **Flathead County, Montana**, as well as pursuing claims in the **Grand Court of the Cayman Islands**.

   - o The Plaintiff seeks damages for **reputational harm**, **emotional distress**, and **economic loss** resulting from the ongoing publication of these defamatory articles.

7. **Final Notice Before Litigation**
   The Plaintiff's **final notice** has been issued, and if **Cayman Compass** does not act by

**April 25, 2025**, the Plaintiff will proceed with legal action, seeking damages and injunctive relief.

# DEFANDANT-6 GOOGLE LLC'S REFUSAL TO

## REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that **Google LLC** has repeatedly failed to remove defamatory content despite multiple formal notices requesting the removal of outdated and harmful articles. These articles continue to be indexed and displayed in **Google Search**, causing significant harm to the Plaintiff's reputation and business. Despite clear legal requirements and multiple requests, **Google** has consistently refused to act on the Plaintiff's **right to be forgotten** and remove or de-index the defamatory content.

2. **Acknowledgment of Notice and Refusal to Act**

   - On **April 17, 2025**, and **April 22, 2025**, **Google LLC** acknowledged receipt of the Plaintiff's formal demand for the removal of defamatory content, including **URLs** linked to false accusations.

   - On **June 5, 2025**, **Google LLC** again refused to remove the content, citing procedural requirements for court documentation, shifting the burden of proof improperly onto the Plaintiff. This refusal is detailed in **Exhibit** provide on demand, which shows Google's refusal to de-index the URLs despite clear and formal requests from the Plaintiff.

3. **Failure to Acknowledge Defamation**
   Despite receiving detailed evidence and legal arguments, **Google LLC** ignored the Plaintiff's requests to remove defamatory articles, including:

   - Articles from **Journal de Montréal** ("Attrape-moi si tu peux", April 18, 2015)

   - **"Un Québécois épinglé au Panama"** (TVA Nouvelles, September 19, 2012)

     **"Un vol de bateau explique une route entre paradis fiscaux"** (Journal de Montréal, February 22, 2015)

     Articles from **La Presse** ("Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama", December 12, 2013)

   - Articles from **TVA Nouvelles** ("Un Québécois épinglé au Panama", September 19, 2012)

o   Articles from **Cayman Compass** ("Bail refused after alleged boat theft", June 8, 2015).
    Google's decision not to act on the Plaintiff's demands constitutes an ongoing failure to address the issue of reputational harm caused by the continued indexing of these defamatory articles.

4. **Third Refusal to Remove Content**
   On **June 5, 2025**, **Google LLC** issued its third formal refusal, stating that it could not remove or de-index the defamatory URLs unless the Plaintiff provided burdensome criminal court documentation. **Google** failed to consider the Plaintiff's right to privacy and the ongoing harm caused by the publication of these defamatory articles. The email from **Google LLC** is detailed in **Exhibit** (Third Refusal to Remove), which outlines their position.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **Google LLC's** refusal to act has caused and continues to cause substantial personal, professional, and economic harm. As a result of these failures, the Plaintiff has lost business opportunities, suffered emotional distress, and endured reputational harm that has severely impacted personal and business life.
   **Google's inaction** is now being treated as deliberate complicity in the ongoing defamation, exposing them to direct legal liability.

6. **Final Legal Notice Before Lawsuit**
   The Plaintiff formally notified **Google LLC** on **May 3, 2025**, and **June 13, 2025**, that failure to comply with the takedown requests would result in a **$17.5 million defamation lawsuit** filed in the **District Court of Flathead County, Montana**. This third final notice demanded that **Google** remove all defamatory search results and cached content related to the Plaintiff's name by **June 16, 2025**. The refusal of **Google LLC** to comply has left the Plaintiff with no choice but to pursue legal action.

7. **Request for Immediate Relief**

   o   The Plaintiff demands **immediate removal** of all defamatory content and **de-indexing** of URLs related to the Plaintiff's name from Google's search results.

   o   The Plaintiff also seeks an **injunction** preventing **Google LLC** from further indexing defamatory articles and requires **Google** to confirm in writing that they have complied with these requests.

# DEFANDANT-7 – YAHOO INC.'S REFUSAL TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that **Yahoo Inc.** has repeatedly failed to remove defamatory content despite multiple formal requests. Despite providing Yahoo with clear notice regarding the defamatory nature of the content and the ongoing harm it causes, Yahoo has ignored the Plaintiff's requests and continues to display and index harmful material related to the Plaintiff's name.

2. **Acknowledgment and Refusal to Act**
   On **April 30, 2025,** the Plaintiff issued a **final notice** to **Yahoo Inc.** requesting the immediate removal and de-indexing of defamatory articles. Yahoo's refusal is acknowledged in correspondence dated **May 6, 2025,** where they confirmed receipt of the Plaintiff's request but ultimately decided not to act on it, despite the clear evidence provided by the Plaintiff. On **July 3, 2025,** Yahoo Inc. was again formally notified by the Plaintiff's **third and final demand,** but the company failed to comply,

3. **Failure to Acknowledge Defamation**
   Despite providing detailed rebuttals, **factual evidence,** and judicial filings to Yahoo, the company has **failed to act** or correct the ongoing publication of defamatory content, including the following:

   - **Journal de Montréal:** "Attrape-moi si tu peux" (April 18, 2015)

   - **Cayman Compass:** "Bail refused after alleged boat theft" (June 8, 2015)

   - **La Presse:** "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

   - **TVA Nouvelles:** "Un Québécois épinglé au Panama" (September 19, 2012)

   - **Radio-Canada:** "Présumé fraudeur arrêté au Panama" (April 6, 2011)

   - **PressReader:** Published articles from **Journal de Montréal** and **La Presse.**

4. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, including detailed **legal rebuttals** and **evidentiary support,** were ignored. The Plaintiff also argued that continued indexing of the defamatory articles violates **U.S. defamation law,** the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten.** **Yahoo Inc.'s** refusal to comply with these lawful requests further exacerbates the Plaintiff's reputational harm, emotional distress, and business losses.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **Yahoo Inc.'s** failure to remove these defamatory articles is causing **ongoing reputational harm, emotional distress,** and **financial loss.** The Plaintiff has been left with no alternative but to proceed with a **$17.5 million defamation**

lawsuit in the **District Court of Flathead County, Montana**, and intends to hold **Yahoo Inc.** accountable for their deliberate inaction.

6. **Request for Immediate Relief**
   The Plaintiff demands that **Yahoo Inc.**:

- Immediately remove and de-index the URLs listed above.

- Provide written confirmation of the removal no later than **July 17, 2025**.

- Acknowledge the ongoing harm caused by the continued publication and the Plaintiff's legal right to have defamatory content removed from search engines.

# DEFENDANT-8: BING'S FAILURE TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   **The Plaintiff claims that Bing, owned and operated by Microsoft Corporation, has failed to remove defamatory content despite multiple formal requests for removal. Despite clear legal notifications, Bing continues to index and display false, defamatory, and outdated articles related to the Plaintiff, causing substantial and ongoing harm to their reputation and livelihood.**

2. **Acknowledgment and Refusal to Act**
   **On May 2, 2025, the Plaintiff sent a first and final legal notice to Microsoft/Bing Legal Department demanding the immediate de-indexing and removal of defamatory articles. In the correspondence dated May 9, 2025, Bing acknowledged receipt of the Plaintiff's request but refused to take any action, citing irrelevant procedural concerns and misdirecting the Plaintiff to third-party publishers.**

**Bing's Response – May 20, 2025:**
**Bing responded on May 20, 2025, requesting a court order or similar documentation to proceed with the Plaintiff's request. They refused to act unless provided with a court order, despite the Plaintiff's formal legal notice, which had already been delivered by certified mail on May 7, 2025. Bing's response effectively ignored the Plaintiff's legal notification and refusal to act in good faith. The Plaintiff views this as willful bad faith.**

**Bing's Email (May 20, 2025):**

**"Please provide a copy of the court order or similar documentation supporting your request. We will need this in order to proceed with our review of your request."**
**"If you have contacted the site owner and the content is no longer on the site, please use the Content Removal Tool to request removal of outdated content in Bing web results: https://www.bing.com/webmaster/help/bing-content-removal-tool-cb6c294d"**

3. **Plaintiff's Response – May 20, 2025:**
   On the same day, May 20, 2025, the Plaintiff responded to Bing's email, warning them that their refusal to act would result in a lawsuit. The Plaintiff made it clear that Bing's inaction, despite formal notification and evidence, would be grounds for legal action, including a $17.5 million USD defamation claim and a motion for injunctive relief. However, Bing chose to ignore the Plaintiff's response, preferring to continue their refusal to act.

**Plaintiff's Response Email (May 20, 2025):**

"You are now one of the selected parties I will sue directly — not because of the original content, but because of your ongoing refusal to act in good faith after legal notification. I will be obtaining a court order — but it will not come alone. It will come attached to a $17.5 million USD defamation claim and a motion for injunctive relief with Microsoft Corporation named as a defendant."

4. **Failure to Acknowledge Defamation**
   Despite clear and factual rebuttals provided by the Plaintiff, Bing refused to de-index the defamatory content and continued to display links to:

- Journal de Montréal: "Attrape-moi si tu peux" (April 18, 2015)

- Cayman Compass: "Bail refused after alleged boat theft" (June 8, 2015)

- La Presse: "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

- TVA Nouvelles: "Un Québécois épinglé au Panama" (September 19, 2012)

- Radio-Canada: "Présumé fraudeur arrêté au Panama" (April 6, 2011)

- Conseiller.ca: "Interdiction d'exercice contre 16 individus et 7 pseudo-cabinets" (2023).

5. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, which included detailed legal rebuttals and evidentiary support, were ignored by Bing. The Plaintiff argued that continued indexing of the defamatory articles violates U.S. defamation law, the continuous publication doctrine under Montana law, and the GDPR standards concerning the right to be forgotten. Despite these formal notices, Bing's failure to act exacerbated the ongoing harm to the Plaintiff's reputation and legal rights.

6. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that Bing's failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of Bing's inaction, the Plaintiff will proceed with a $17.5 million defamation lawsuit

in the District Court of Flathead County, Montana, naming Microsoft Corporation
as a co-defendant.

7. **Request for Immediate Relief**
   The Plaintiff demands that Bing immediately:

- **Remove and de-index all URLs listed above.**

- **Provide written confirmation that these defamatory articles have been removed by
  May 16, 2025.**

- **Acknowledge the ongoing harm caused by the continued indexing of defamatory
  content and comply with the right to be forgotten.**

8. **Final Warning and Legal Action**
   The Plaintiff issued a final warning to Bing on May 20, 2025, after the refusal to act
   was officially documented. The Plaintiff made it clear that a court order would be
   sought, along with a $17.5 million USD defamation claim and a motion for
   injunctive relief, all of which will be submitted to the court in Flathead County,
   Montana. This response from Bing has now officially been recorded as willful bad
   faith, and a lawsuit will proceed based on Bing's continued refusal to act despite
   formal legal notice and evidence.

# DEFANDANT-9  PRESS READER INC.'S FAILURE TO
REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that **PressReader Inc.** has failed to remove defamatory content
   despite multiple formal requests. Despite clear legal notifications and multiple demands
   for content removal, **PressReader** continues to distribute and publish false, defamatory,
   and harmful articles related to the Plaintiff, causing significant and ongoing damage to
   their reputation and livelihood.

2. **Acknowledgment and Refusal to Act**
   On **April 28, 2025**, the Plaintiff issued a **final legal notice** to **PressReader Inc.**,
   requesting the immediate removal and de-indexing of defamatory content. **PressReader**
   acknowledged receipt of the Plaintiff's request but, in correspondence dated **May 9, 2025**,
   refused to take any action. **The company cited that they are merely a digital
   distributor and that the request must come from the original publisher.** This
   response ignored the harm caused to the Plaintiff and the need for **PressReader to take
   responsibility for the ongoing dissemination of the defamatory content.**

3. **Failure to Acknowledge Defamation**
   Despite clear and detailed evidence provided by the Plaintiff, **PressReader Inc.**

continued to refuse to take action to remove the defamatory content. The articles that remain accessible and have caused harm include:

- o **Journal de Montréal:** "Attrape-moi si tu peux" (April 18, 2015)

4. **Failure to Comply with Legal Requirements**
The Plaintiff's formal requests, which included detailed **legal rebuttals** and **evidentiary support,** were ignored by **PressReader.** The Plaintiff argued that continued indexing of defamatory articles violates **U.S. defamation law,** the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten.** **PressReader's** refusal to comply with these lawful requests exacerbated the ongoing harm to the Plaintiff's reputation and legal rights.

5. **Ongoing Harm and Legal Recourse**
The Plaintiff asserts that **PressReader's** failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of **PressReader's** inaction, the Plaintiff will proceed with a **$17.5 million defamation lawsuit** in the **District Court of Flathead County, Montana,** naming **PressReader Inc.** as a Defendant.

6. **Request for Immediate Relief**
The Plaintiff demands that **PressReader Inc.** immediately:

- o Remove and de-index all URLs listed above.

- o Provide written confirmation that these defamatory articles have been removed by **July 30, 2025.**

- o Acknowledge the ongoing harm caused by the continued indexing of defamatory content and comply with the **right to be forgotten.**

# DEFANDANT-10 DUCKDUCKGO'S FAILURE TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
The Plaintiff claims that **DuckDuckGo, Inc.** has failed to remove defamatory content despite multiple formal requests. Despite clear legal notifications and multiple demands for content removal, **DuckDuckGo** has ignored the Plaintiff's requests and continues to index and display defamatory content, which causes significant and ongoing harm to the Plaintiff's reputation and livelihood.

2. **Acknowledgment and Refusal to Act**
On **May 1, 2025,** the Plaintiff sent a **first notice** to **DuckDuckGo,** requesting the immediate de-indexing and removal of defamatory articles. **DuckDuckGo** Despite clear

and detailed requests, **DuckDuckGo** has failed to remove or de-index the defamatory content.

3. **Failure to Acknowledge Defamation**
   Despite providing detailed **legal rebuttals** and **evidentiary support, DuckDuckGo** refused to act on the Plaintiff's demand. The articles that remain accessible and continue to cause harm include:

   - **Journal de Montréal**: "Attrape-moi si tu peux" (April 18, 2015)

   - **Cayman Compass**: "Bail refused after alleged boat theft" (June 8, 2015)

   - **La Presse**: "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

   - **TVA Nouvelles**: "Fraude au REER – Sept ans de recours pour les faire plaider coupable" (August 3, 2016)

   - **Radio-Canada**: "Présumé fraudeur arrêté au Panama" (April 6, 2011).

4. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, which included detailed **legal rebuttals** and **evidentiary support,** were ignored by **DuckDuckGo.** The Plaintiff argued that continued indexing of defamatory articles violates **U.S. defamation law,** the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten.** **DuckDuckGo's** refusal to comply with these lawful requests exacerbates the ongoing harm to the Plaintiff's reputation and legal rights.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **DuckDuckGo's** failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of **DuckDuckGo's** inaction, the Plaintiff will proceed with a **$17.5 million defamation lawsuit** in the **District Court of Flathead County, Montana,** naming **DuckDuckGo, Inc.** as a Defendant.

6. **Request for Immediate Relief**
   The Plaintiff demands that **DuckDuckGo, Inc.** immediately:

   - Remove and de-index all URLs listed above.

   - Provide written confirmation that these defamatory articles have been removed by **May 8, 2025.**

   - Acknowledge the ongoing harm caused by the continued indexing of defamatory content and comply with the **right to be forgotten.**

# DEFANDANT-11 JEAN-FRANÇOIS CLOUTIER'S
## REFUSAL TO ENGAGE IN PHONE CONVERSATION

1. **Refusal to Respond During Phone Call**
   The Plaintiff asserts that **Jean-François Cloutier,** after receiving multiple formal notices, was directly contacted via phone in an attempt to resolve the matter. During this phone call, **Cloutier** refused to engage in a meaningful conversation regarding the defamatory articles and promptly hung up, despite the Plaintiff's efforts to discuss the removal of the defamatory content.

2. **Failure to Address Defamation**
   The Plaintiff claims that **Cloutier's** refusal to engage in the phone call demonstrates a lack of willingness to correct or remove the false content, further indicating his bad faith in perpetuating the defamatory narrative. Instead of addressing the serious and ongoing harm caused by his published articles, **Cloutier** avoided accountability by ending the conversation abruptly.

3. **Ongoing Harm from Defamation**
   This failure to respond and resolve the issue amicably has led to continuous harm to the Plaintiff's reputation, emotional distress, and significant damage to his professional and personal life. The Plaintiff asserts that **Cloutier's** actions are part of a deliberate effort to disregard his legal rights, resulting in further reputational harm.

4. **Legal Recourse and Continued Legal Actions**
   The Plaintiff, given **Cloutier's** refusal to communicate and act in good faith, will proceed with **$17.5 million in defamation claims** in the **District Court of Flathead County, Montana,** holding **Jean-François Cloutier** personally accountable for the defamatory statements and his continued refusal to act on requests to remove and retract the content.

# DEFENDANT-12 – DEFENDANT GROUPE TVA INC.

1. **The Defendant, Groupe TVA Inc.**
   **The Defendant, Groupe TVA Inc., is a Canadian mass media company headquartered in Montréal, Québec, Canada, and is engaged in the publishing and distribution of news and information through various platforms, including television and digital media. As a major media outlet, Groupe TVA Inc. is responsible for creating, publishing, and distributing defamatory content about the Plaintiff.**

2. **Groupe TVA Inc.'s Role in Defamation**
   **The Plaintiff claims that Groupe TVA Inc. published multiple false and defamatory articles concerning the Plaintiff, which were accessible both in Canada and internationally, including the State of Montana. These publications were widely**

circulated and have caused significant harm to the Plaintiff's personal and professional reputation. Notably:

- o "Un Québécois épinglé au Panama" (TVA Nouvelles, September 19, 2012)
- o "Fraude au REER – Sept ans de recours pour les faire plaider coupable" (TVA Nouvelles, August 3, 2016)

These articles falsely portrayed the Plaintiff as a fraudster and criminal fugitive, without any factual basis or legal convictions, thereby causing extensive reputational damage, emotional distress, and loss of business opportunities.

3. **Groupe TVA Inc.'s Responsibility for Defamatory Content**
   Groupe TVA Inc., as the publisher and distributor of these defamatory materials, is directly responsible for the ongoing harm caused by the publication. Despite multiple formal requests for removal, correction, and retraction of the defamatory content, Groupe TVA Inc. has refused to take appropriate action, allowing the content to remain available online.

4. **Failure to Act on Requests for Removal**
   The Plaintiff issued several formal notices to Groupe TVA Inc., including the April 17, 2025, notice, demanding the immediate removal of the defamatory articles. Groupe TVA Inc. acknowledged receipt of the demand but refused to take corrective action, maintaining the defamatory content online despite its damaging impact on the Plaintiff's reputation and legal standing.

Response from Mark Bantey (April 29, 2025):
On April 29, 2025, Mark Bantey, representing MédiaQMI Inc., Québecor Média Inc., and Groupe TVA Inc., responded to the Plaintiff's formal demand. In his response, Bantey stated that the reports in question were accurate, published in good faith, and in the public interest. As a result, the defendants refused to follow up on the Plaintiff's demand letter.

Mark Bantey's Response (April 29, 2025):

"On behalf of our clients MédiaQMI Inc., Québecor Média Inc., and Groupe TVA Inc., we acknowledge receipt of your demand letter of April 17, 2025. The reports you are complaining about were accurate and were published in good faith and in the public interest. In the circumstances, our clients do not intend to follow up on your demand letter."

5. **Legal Consequences of Continued Defamation**
   By failing to act on the Plaintiff's formal requests, Groupe TVA Inc. is not only perpetuating false and harmful information but is also engaging in malicious defamation. The Plaintiff asserts that the refusal to comply with the demand for

removal is indicative of bad faith and negligence, which strengthens the Plaintiff's case for aggravated and punitive damages.

6. **Request for Immediate Relief**
The Plaintiff demands the following actions from Groupe TVA Inc.:

   o **Immediate and permanent removal of all defamatory articles attributed to Groupe TVA Inc.**

   o **Public retraction and formal apology to be posted on the same platforms where the defamatory content was published.**

   o **Written confirmation of compliance within 7 days of receipt of this notice.**

7. **Legal Action**
Failure to comply with the Plaintiff's demands will result in immediate legal action for defamation, with claims for $17,500,000 USD in damages for reputational harm, emotional distress, financial loss, and punitive damages. The Plaintiff will pursue these claims in Flathead County, Montana, and seek enforcement of any judgment in Québec.

# DEFANDANT-13 – DEFENDANT QUÉBECOR MÉDIA INC.

1. **The Defendant, Québecor Média Inc.,** is a major Canadian media corporation headquartered in **Montréal, Québec, Canada. Québecor Média Inc.** owns **QMI Media Inc.**, the parent company of **Journal de Montréal**, and is responsible for the publication and distribution of news content through these platforms.

2. **Québecor Média Inc.'s Role in Defamation**
The Plaintiff claims that **Québecor Média Inc.,** through its subsidiary **QMI Media Inc.** and **Journal de Montréal**, published multiple false and defamatory articles about the Plaintiff. These publications have caused significant harm to the Plaintiff's reputation, emotional well-being, and personal and business life. Specifically, the articles published in **Journal de Montréal** painted the Plaintiff as a fraudster and criminal fugitive, without any factual basis or legal convictions.

3. **Failure to Act on Requests for Removal**
The Plaintiff issued several formal notices to **Québecor Média Inc.,** including the **April 17, 2025, legal notice,** demanding the immediate removal of defamatory content. Despite the Plaintiff's clear requests, **Québecor Média Inc.** has refused to take corrective action, allowing the defamatory content to remain online. This continued failure to act exacerbates the damage caused by these publications.

4. **Legal Responsibility of Québecor Média Inc.**
As the owner of **QMI Media Inc.** and **Journal de Montréal, Québecor Média Inc.** is

legally responsible for the defamatory content published by its subsidiaries. **Québecor Média Inc.** had the authority to intervene and remove the defamatory material but chose not to do so, allowing it to remain accessible online.

5. **Request for Immediate Relief**
   The Plaintiff demands the following actions from **Québecor Média Inc.:**

   - ○ **Immediate and permanent removal** of all defamatory articles published by **Journal de Montréal** and attributed to **QMI Media Inc.**.

   - ○ **Public retraction** and formal apology to be posted on the same platforms where the defamatory content was published.

   - ○ **Written confirmation** of compliance within 7 days of receipt of this notice.

6. **Legal Action**
   Failure to comply with the Plaintiff's demands will result in immediate legal action for **defamation**, with claims for **$17,500,000 USD** in damages for reputational harm, emotional distress, financial loss, and punitive damages. The Plaintiff will pursue these claims in **Flathead County, Montana,** and seek enforcement of any judgment in **Québec.**

## IV. DAMAGES

As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered the following damages:

1. **Reputational Harm**
   Loss of standing in the community, damaged business relationships, and lost future opportunities.
   **Claimed Amount: $7,500,000.00 USD**

2. **Economic Loss**
   Loss of clients, contracts, business revenue, and professional engagements.
   **Claimed Amount: $5,000,000.00 USD**

3. **Emotional Distress and Mental Anguish**
   Severe emotional suffering, anxiety, depression, and personal hardships.
   **Claimed Amount: $5,000,000.00 USD**

**Summary of Compensatory Damages**

| Type of Damage | Amount (USD) |
| --- | --- |

| | |
|---|---|
| Reputational Harm | $7,500,000.00 |
| Economic Loss | $5,000,000.00 |
| Emotional Distress and Mental Anguish | $5,000,000.00 |
| **Total** | **$17,500,000.00** |

**Daily Ongoing Harm**

**The Plaintiff estimates that the continued online availability and dissemination of the defamatory material causes him no less than $5,000 USD per day in ongoing reputational, economic, and emotional damages.**

## V. PUNITIVE DAMAGES JUSTIFICATION

Given the Defendants' vast financial resources, and the repeated, willful, and malicious refusal to remove defamatory material after being notified on multiple occasions, an award of **punitive damages** in an amount **no less than $25 million** is necessary to:

- **Punish the Defendants for their egregious conduct;**
- **Deter the Defendants and other similarly situated entities from engaging in similar misconduct in the future;**
- **Reflect the gravity of the harm inflicted upon the Plaintiff's personal, professional, and emotional life.**

**Only a substantial punitive damages award can adequately achieve the purposes of punishment and deterrence in this case, given the Defendants' enormous size, influence, and financial strength.**

## VI. REQUEST FOR INJUNCTIVE RELIEF

In addition to monetary damages, the Plaintiff respectfully requests that this Court issue a **permanent injunction** requiring the Defendants to:

- **Immediately and permanently de-index and remove all search results and publications linking to the defamatory materials identified herein;**
- **Prohibit the Defendants from reindexing, republishing, or redistributing the same or substantially similar defamatory content in the future.**

Monetary damages alone are insufficient to remedy the ongoing and compounding harm caused by the continued online publication of defamatory statements.

## VII. PRAYER FOR RELIEF

## VI. REQUEST FOR INJUNCTIVE RELIEF

In addition to monetary damages, the Plaintiff respectfully requests that this Court issue a **permanent injunction** requiring the Defendants to:

- **Immediately and permanently de-index and remove all search results and publications linking to the defamatory materials identified herein.**

- **Prohibit the Defendants from reindexing, republishing, or redistributing the same or substantially similar defamatory content in the future.**

Monetary damages alone are insufficient to remedy the ongoing and compounding harm caused by the continued online publication of defamatory statements.

## VII. PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff, Robert Paul Yann Savoie Zarate, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, and award the following relief:**

1. **Compensatory Damages** in the amount of **$17,500,000.00 USD;**

2. **Punitive Damages** in the amount of **$25,000,000.00 USD to 500,000,000.00 USD;**

3. **Pre- and Post-Judgment Interest** at the maximum legal rate;

4. **Costs of This Action;**

5. **Permanent Injunctive Relief** as set forth above;

6. **Such Other and Further Relief** as the Court deems just and proper.

Respectfully submitted,

**Robert Paul Yann Savoie Zarate**

**Date:** July 15, 2025

**Signature:**

1001 South Main, Suite 49
Kalispell, Montana 59901, USA
Phone: +1 (406) 503-3035
Email: robert.usa.ltd@gmail.com

🖃 **MOTION TO ADD DEFENDANTS**

*CLERK OF DISTRICT COURT*
*2025 AUG -4 PM 3: 16*
*FILED*
*BY___ DEPUTY*

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT**
**IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No. DV-15-2025-0001090-DQ**
**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,

v.

**GOOGLE LLC, et al.,**
Defendants.

# PLAINTIFF'S MOTION TO ADD ADDITIONAL DEFENDANTS

COMES NOW the Plaintiff, **Robert Paul Yann Savoie Zarate**, and respectfully moves this Honorable Court, pursuant to **Montana Rules of Civil Procedure Rule 15(a)(1) and Rule 21**, to permit the addition of the following parties as named defendants in the above-captioned matter:

1. **Jean-Sébastien Perreault** – employee of the Bank of Nova Scotia (Scotiabank), who provided false and defamatory statements used to justify police charges and media defamation.

2. **The Bank of Nova Scotia** (also known as Scotiabank) – whose agents or employees were materially involved in the creation and dissemination of defamatory narratives that led to the unlawful cancellation of the Plaintiff's passport and associated harms.

3. **André Dubuc** – journalist at *La Presse* who republished damaging falsehoods that contributed to international reputation damage and denial of fundamental rights.

**LEGAL BASIS**

This request is timely and appropriate. No responsive pleadings have yet been filed by existing defendants, and Plaintiff is within his right to amend the complaint and name additional responsible parties. Montana law encourages liberal amendment of pleadings in the interest of justice, particularly before trial and before any prejudice to defendants would result.

The inclusion of these parties is essential to the complete adjudication of the claims and damages asserted.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and allow the addition of **Jean-Sébastien Perreault, André Dubuc,** and **The Bank of Nova Scotia** as defendants in this action.

Respectfully submitted,
Dated: August 4, 2025

*Robert Paul Yann Savoie Zarate*
*4 August 2025*

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.Usa.ltd@gmail.com

2

**MOTION FOR JURY TRIAL**

CLERK OF DISTRICT COURT

2025 AUG -4 PM 3: 15

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA** FILED

BY _____
DEPUTY

**Case No. DV-15-2025-0001090-DQ**
**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,
v.
**GOOGLE LLC, MICROSOFT CORPORATION, QUEBECOR MEDIA INC.,**
et al.,
Defendants.

# MOTION FOR JURY TRIAL

COMES NOW the Plaintiff, **Robert Paul Yann Savoie Zarate,** and hereby **demands a trial by jury** on all issues so triable in the above-captioned matter, pursuant to **Rule 38 of the Montana Rules of Civil Procedure.**

This demand is timely made and is filed in accordance with all applicable rules.

Respectfully submitted,
Dated: August 4, 2025

*Robert Paul Yann Savoie Zarate*
*4 August 2025*

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.robert.ltd@gmail.com

3

## 📄 TEMPORARY CERTIFICATE OF SERVICE (Truthful Version)

I hereby certify that I will serve a true and correct copy of the foregoing:

- Plaintiff's Motion to Add Additional Defendants

- Amended Motion for Jury Trial

upon all parties previously served and any newly named defendants **within seven (7) days**, and that I will file an updated Certificate of Service after doing so.

Dated: August 4, 2025

**Robert Paul Yann Savoie Zarate**
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.robert.ltd@gmail.com

**Robert Paul Yann Savoie Zarate**
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 300-5454
Email: robert.USA.ltd@gmail.com

CLERK OF DISTRICT COURT
2025 AUG -4 PM 3:16
FILED
BY_____ DEPUTY

**August 4, 2025**

**Clerk of Court**
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901

**RE: Zarate v. Google LLC, et al.**
**Case No. DV-15-2025-0001090-DQ**

Dear Clerk of the Court,

Please find enclosed the following documents for filing in the above-captioned case:

1. Plaintiff's Motion to Add Additional Defendants

2. Amended Motion for Jury Trial

3. Certificate of Service

Kindly file the enclosed documents and return a file-stamped copy to me if possible. I may be reached at the contact information above should you have any questions or require clarification.

Thank you for your time and assistance.

Sincerely,

Robert Paul Yann Savoie Zarate
4 August 2025

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se

CLERK OF DISTRICT COURT

2025 AUG -6 PM 3: 22

FILED

BY
DEPUTY

# FIRST AMENDED COMPLAINT

**FOR DEFAMATION, INJUNCTIVE RELIEF, DAMAGES, PUNITIVE DAMAGES, AND DEMAND FOR JURY TRIAL**
(Civil Action for Defamation and Related Causes)

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No.: DV-15-2025-0001090-DQ**

**IN THE DISTRICT COURT OF THE STATE OF MONTANA**
Flathead County

**BETWEEN:**
**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff

— and —

1. **GOOGLE NORTH AMERICA INC. and GOOGLE LLC**

2. **MICROSOFT CORPORATION (OWNER AND OPERATOR OF BING)**

3. **YAHOO AD TECH LLC (YAHOO INC.)**

4. **DUCKDUCKGO INC.**

5. **MédiaQMI Inc. (the company that owns and operates Le Journal de Montréal)**

6. **QUÉBECOR MÉDIA INC. (OWNER OF MEDIAQMI INC.)**

7. **QUÉBECOR INC. (OWNER of Quebecor Media Inc.)**

8. **GROUPE TVA INC. (OWNED BY QUÉBECOR MÉDIA INC.)**

9. **PLACEMENTS PÉLADEAU (OWNER of Quebecor, RELATED TO PIERRE KARL PÉLADEAU)**

10. **PIERRE KARL PÉLADEAU (PRESIDENT OF MEDIAQMI, QUÉBECOR MÉDIA INC., PLACEMENTS PÉLADEAU)**

11. **JEAN-FRANÇOIS CLOUTIER (JOURNALIST AT JOURNAL DE MONTRÉAL)**

12. **LA PRESSE INC.**

13. **ANDRÉ DUBUC**

14. **RADIO-CANADA INC.**

4

15. **CAYMAN COMPASS**

16. **PRESS READER INC.**

17. **CONSEILLER.CA (OWNED BY NEWCOM MÉDIA QUÉBEC)**

18. **JEAN-SÉBASTIEN PERREAULT**

19. **THE BANK OF NOVA SCOTIA (SCOTIABANK)**

20. **JOHN DOE CORPORATION (DEFENDANT-UNKNOWN COMPANY)**

Defendants

# FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, **Robert Paul Yann Savoie Zarate**, and hereby files this First Amended Complaint under Rule 15(a)(1) of the Montana Rules of Civil Procedure. This amended complaint supersedes the original and adds three new defendants, while preserving and restating all prior claims and allegations against the original defendants.

## PARTIES

1. **The Plaintiff, Robert Paul Yann Savoie Zarate**, is an individual who, at the time of the publication of the defamatory statements complained, **was living and physically present** in the **State of Montana and still today maintains** ongoing business and economic ties to Montana through **multiple Montana-registered corporations**, including:

    1. **Air Bermuda Inc.** (Montana Corporation No. D1408419),

    2. **Hurricane Air Rescue Private Charters Inc.** (Montana Corporation No. D1230597),

    3. **Private Retreats Montana Inc..**

2. **GOOGLE NORTH AMERICA INC. and Google LLC** is a multinational search engine company that knowingly allowed defamatory material to **appear prominently in its search results** and refused **to deindex the content after multiple legal notices, causing widespread, lasting reputational harm.**

3. **Microsoft Corporation**, owner of Bing, also displayed the defamatory content prominently and failed to remove or block links even after being notified of the harm caused.

4. **Yahoo Inc.** indexed and distributed defamatory links related to the Plaintiff and failed to remove false publications, despite clear multiple notice of injury.

5. **DuckDuckGo Inc.** allowed users to locate defamatory content and refused to cooperate in multiple takedown requests.

6. **MediaQMI inc & Quebecor Media Inc.** owns *Journal de Montréal* and published the highly defamatory April 18, 2015 article titled *"Attrape-moi si tu peux"*, falsely portraying the Plaintiff as a fugitive mocking the justice system, years after he had served his sentence and **had no pending conditions.**

7. **PressReader Inc.** distributed and syndicated defamatory articles internationally, prolonging their life and visibility far beyond original publication dates and receive multiple takedown notices.

8. **La Presse Inc.** published multiple defamatory articles, including a 2013 article that falsely claimed Plaintiff fled to Panama under fraudulent pretense.

9. **André Dubuc**, a journalist for *La Presse*, republished and amplified defamatory content despite knowing the Plaintiff had been acquitted or had served his sentence. His actions caused renewed reputational damage in Canada and abroad.

10. **Radio-Canada**, the public broadcaster, aired and published segments suggesting the Plaintiff was a serial fraudster without mentioning the acquittals, dismissals, or legal context.

11. **Newcom Média Québec** owner of **Conseiller.ca**, a financial news site, republished false allegations originally spread by other media entities and failed to perform basic journalistic due diligence and ignore multiple takedown request.

12. **Cayman Compass Ltd.**, the publisher of *Cayman Compass*, wrongly reported the Plaintiff's legal situation in the Cayman Islands and failed to follow up whit right to be forgotten and multiple takedown requests.

13. **Jean-Sébastien Perreault**, an employee of Scotiabank, made false statements to the police regarding a vehicle transaction and falsely painted the Plaintiff as a criminal actor, boat theft, triggering police charges and compounding defamation.

14. **The Bank of Nova Scotia (Scotiabank),** through its employee(s), including Perreault, contributed to defamation and criminal prosecution without cause, reinforcing false narratives and violating Plaintiff's rights.

## III. FACTUAL BACKGROUND

1. **Between 2009 and 2023, multiple defamatory articles and publications falsely portraying the Plaintiff in a negative light were published online by various third-party news outlets and are still Online Today even after Multiple notice to Remove.**

2. **These defamatory materials have been continuously indexed, displayed, promote and amplified in Google's search engine results and on other platforms controlled**

by the Defendants, causing ongoing reputational, economic, and emotional harm to the Plaintiff. As of the current date, these materials continue to be accessible and are actively causing harm to the Plaintiff's reputation and livelihood.

3. Despite being formally notified on at least three separate occasions of the false and defamatory nature of these publications, GOOGLE NORTH AMERICA INC & Google LLC and other Defendants have refused to de-index or remove the URLs from their respective platforms.

4. Most recently, on June 5, 2025, Google again refused for a second time to remove the defamatory URLs, willfully disregarding the Plaintiff's rights and reputation

5. The continued publication and republication of these defamatory materials by the Defendants has caused and continues to cause substantial personal, professional, and economic damages to the Plaintiff, with the harm felt acutely within the State of Montana

6. Alleged Coordinated Collusion in between Police and Media:
    1. The Plaintiff alleges that the Defendants—comprising both law enforcement officers and certain media organizations—worked in tandem to create and spread a false narrative designed to harm the Plaintiff's reputation and destroy his personal and professional life.
    2. Specifically, the Plaintiff contends that false claims made by the police were deliberately shared with media outlets who then broadcasted defamatory and misleading stories that further distorted the Plaintiff's character and actions.
    3. This collaboration between law enforcement and the media resulted in serious and lasting consequences for the Plaintiff, including reputational harm, emotional distress, and a profound disruption to his personal and business life.
    4. **Defendant Media Outlets**: Various media organizations, including **Journal de Montreal, La press** who, acting on the false information provided by the **Defendants in law enforcement, propagated defamatory stories that painted the Plaintiff as a criminal, without verification or any legitimate evidence.**

## PART 2 – DEFAMATORY PUBLICATIONS BY JOURNAL DE MONTRÉAL AND TVA NOUVELLES

1. **Journal de Montréal** and **TVA Nouvelles** are **defendants** who published and disseminated **multiple false, defamatory statements** about the Plaintiff, portraying him as a **criminal**, **fraudster**, and **fugitive**.

2. **False Allegations:**

    o The **Journal de Montréal** article published on **April 18, 2015, and still online today the 6 August 2025** described the Plaintiff as being involved in a **fraudulent scheme**, falsely claiming that the Plaintiff had **fled Canada, lived illegally under tropical conditions**, and had **evaded prosecution**.

- o The article also falsely claimed that the Plaintiff was **guilty** of **fraud, criminal activity**, and other illegal actions, without any **evidence** to support these claims. It ignored the **presumption of innocence** that should apply to the Plaintiff.

3. **False Imprisonment and Fraud Allegations:**

   - o **TVA Nouvelles** published an article on **September 19, 2012 and still online today the 6 august 2025**, falsely claiming that the Plaintiff was involved in a **fraud affecting 120 Canadian victims** and was **arrested in Panama**. The article portrayed the Plaintiff as a **fugitive** and someone who was actively **avoiding law enforcement**.

   - o The article further falsely suggested that the Plaintiff was involved in the **fraudulent manipulation of Canadian stocks,** including references to his supposed role in **Project Carrefour** and accusations of **financial crimes.**

4. **Falsely Portraying the Plaintiff as a Fugitive:**

   - o All **Journal de Montréal,TVA Nouvelles and La Press** portrayed the Plaintiff as a **criminal fugitive,** without any factual basis, despite the Plaintiff's **innocence** and **lack of conviction** for the crimes accused.

5. **Failure to Correct and Presumption of Innocence:**

   - o Despite the false nature of these accusations, both **Journal de Montréal** and **TVA Nouvelles never corrected** their claims after more than 10 to 15 years, nor did they issue an **apology** or acknowledge the **presumption of innocence** owed to the Plaintiff under both **Canadian law** and **Montana law.**

   - o The Defendants **damaged the Plaintiff's reputation** by failing to correct these defamatory statements, perpetuating false claims of exaggerated **guilt** and **criminality**.

## PREVENTIVE INJUNCTIVE RELIEF – MEDIA MISUSE OF COURT FILINGS

1. The Plaintiff has reason to believe that journalists **Jean-François Cloutier (Journal de Montréal)** and **André Dubuc (La Presse),** based on their past history of publishing false and defamatory stories, may attempt to misuse this very court filing and its contents to create new defamatory content.

2. These individuals, and the media outlets they are affiliated with (including but not limited to Journal de Montréal, TVA Nouvelles, MédiaQMI Inc., Québecor Média Inc., La Presse Inc., and Radio-Canada), have previously distorted legal facts, omitted exonerating outcomes, and published damaging narratives that led to police misconduct, judicial bias, and passport cancellations.

3. **This lawsuit itself arises after 15 years of persecution rooted in these media lies.** The triggering event (the straw that broke the camel's back) was the third cancellation of the Plaintiff's Canadian passport due to these defamatory narratives, despite the Plaintiff being found not guilty in the Cayman Islands and serving 3 months in jail for a crime he did not commit.

4. **The Province of Nova Scotia has stonewalled the Plaintiff for over six months, refusing to hear motions to dismiss, quash the arrest warrant, acknowledge three separate Jordan limit violations, or allow self-representation or videoconference appearances.** As a result, the Plaintiff remains in constructive exile with his daughter for over **785 days due to the most recent passport cancellation**, while defamatory narratives are still used to justify criminalization.

5. **The Plaintiff requests this Court to issue a preemptive injunction barring the Defendants and any affiliated media outlets or journalists from publishing,** distributing, referencing, or otherwise exploiting the contents of this present court filing or any future pleadings in a defamatory or prejudicial manner, pending resolution of this case.

6. **Such injunctive relief is essential to prevent further harm and protect the integrity of the judicial process from manipulation by biased media actors.**

## PART 3 -- CAUSES OF ACTION

### 1. Defamation:

The Plaintiff claims defamation against the Defendants based on the following:

- **False Statements:** The Defendants published false and defamatory statements in their articles, labeling the Plaintiff as a **fraudster, criminal,** and **fugitive**.

- **Harm to Reputation: These false statements have caused extreme substantial harm to the Plaintiff's personal and professional reputation**. The Plaintiff's ability to engage in business, personal relationships, and public life has been significantly damaged by the Defendants' publications.

### 2. Violation of the Presumption of Innocence:

The Plaintiff claims that the Defendants violated the **presumption of innocence** guaranteed under both **Canadian law** and **Montana law**. By presenting the Plaintiff as **guilty of criminal activity** without due process or any legal conviction, the Defendants have acted in a manner that disregards **the fundamental legal principle that any accused individual is presumed innocent until proven guilty in a court of law.**

### 3. False Light:

The Plaintiff claims that the Defendants have published information that places him viciously &

intentionally in a **false light** in the public eye, contrary to the **right to privacy** and the **right to be treated fairly**:

- **Falsely portraying the Plaintiff as a fugitive, fraudster,** and **criminal**.

- **Depicting the Plaintiff as evading justice** when he was never involved in any criminal evasion or fraudulent activity.

**4. Emotional Distress:**
**The Plaintiff claims emotional distress as a direct result of the false portrayal by the Defendants.** For the past 15 years, **the Plaintiff has suffered severe mental anguish and psychological harm due to these defamatory publications,** which have caused significant emotional damage. This ongoing public humiliation has drastically affected the Plaintiff's ability to lead a normal personal and professional life. **The Plaintiff has lost nearly 97% of their circle of friends as a direct consequence of the false narrative, further compounding the emotional and social toll.** The emotional distress has fundamentally changed the Plaintiff's personality, **leaving them feeling destroyed, enraged, scapegoat and unjustly victimized.**

**5. Financial Loss:**
The Plaintiff claims that the defamatory publications caused extreme **economic harm**. Due to the **false accusations of fraud** and **criminal activity**, the Plaintiff has suffered **financial losses**, including:

- **Extreme Loss of business opportunities. Loan Refuse, Contract Cancellation**

- **Damage to the Plaintiff's personal and professional relationships.**

- **The Plaintiff's ability to engage in business and secure contracts has been severely compromised due to the false and misleading publications.**

**6. Violation of Privacy:**
The Plaintiff claims a violation of privacy due to the **unauthorized publication of personal details,** including the Plaintiff's name, past activities, and association with alleged criminal acts, which have **been presented without consent or factual evidence to support the claims made in the articles.**

**7. Malicious Prosecution:**
The Plaintiff claims as cause **2 other malicious prosecution** or **wrongful prosecution** based on the false information published by the Defendants. The Plaintiff was subjected to **unwarranted legal scrutiny** and has faced **false allegations of fraud and criminal activity without proper evidence or due process**

**False Imprisonment / Detention:**
The Plaintiff claims false imprisonment and detention resulting from the **wrongful cancellation of their passport and travel restrictions imposed for more than 785 days.** In addition, the

**Plaintiff was subjected to three months of pre-trial imprisonment in the Cayman Islands,** stemming from the same defamatory narrative and misinformation circulated by the Defendants—despite ultimately being found not guilty. **The Plaintiff asserts that the Defendants' false claims directly contributed to these incidents, including the unjust revocation of the Plaintiff's passport on three separate occasions, preventing him from freely traveling, reuniting with family, and attending legal proceedings**—including in this very case. The cumulative effect of these actions amounts to a grave and prolonged violation of the Plaintiff's liberty and fundamental rights.

**9. Breach of Rights under International Law:**
The Plaintiff claims that the **false and defamatory articles** have violated international principles under the **Universal Declaration of Human Rights (UDHR)** and other international conventions, which protect individuals from being subjected to **public defamation** and **false accusations** without due process.

**10. Injunctive Relief:**
The Plaintiff seeks an **injunction** to prevent further **dissemination** of the defamatory content, including:

- **Removal of defamatory articles** from the **Google** search engine and other **online platforms**.
- **Cease and desist orders** for further defamatory statements regarding the Plaintiff's name and business activities.

**11. Request for Video Conference Hearing:**
**The Plaintiff requests that the Court grant a video conference hearing for the Plaintiff to attend the Court proceedings remotely, given the ongoing restrictions on travel resulting from the passport cancellations and the inability to travel internationally.**

**Relief Sought:**

In addition to the above causes of action, the Plaintiff seeks the following **relief**:

- **Compensation** for damages to **reputation, mental distress,** and **financial loss**.
- **Injunctive relief** to prevent further defamation.
- **Apologies** from the Defendants and a **retraction** of the false statements.
- **Pre-judgment and post-judgment interest** on any damages awarded.

# DEFANDANT– TVA AND JOURNAL DE MONTRÉAL'S FAILURE TO RESPOND TO DEFAMATORY CONTENT REMOVAL REQUESTS

1. **Failure to Comply with Right to Be Forgotten**
   The Plaintiff claims that **TVA** and **Journal de Montréal**, as prominent media outlets, have violated the Plaintiff's **right to be forgotten** by willfully failing to remove defamatory articles from their platforms despite multiple formal requests from the Plaintiff after more than 10 to 15 years

2. **Requests for Takedown Ignored**
   The Plaintiff sent multiple formal notices, including the **notice** dated **April 17, 2025**, to **TVA** and **Journal de Montréal** demanding the immediate removal of defamatory content published by these outlets. Despite these formal notices, no action was taken by the Defendants to de-index or remove the false, defamatory, and damaging articles.

   o The Plaintiff will provided evidence of these notices, including **delivery confirmations** (see **Exhibit: Signature Reception**), showing that these notices were sent and received. However, the Defendants continue to ignore the Plaintiff's rights.

3. **Defamatory Articles Involved**

   o **TVA** and **Journal de Montréal** published several defamatory articles that falsely portrayed the Plaintiff in a criminal light, including:

     ▪ **"Un Québécois épinglé au Panama"** (TVA Nouvelles, September 19, 2012) https://www.journaldemontreal.com/2012/09/19/un-quebecois-arrete

     ▪ **"Un vol de bateau explique une route entre paradis fiscaux"** (Journal de Montréal, February 22, 2015) https://www.journaldemontreal.com/2015/02/22/un-vol-de-bateau-explique-une-route-entre-paradis-fiscaux

     ▪ **"Attrape-moi si tu peux"** (Journal de Montréal, April 18, 2015) https://www.journaldemontreal.com/2015/04/18/attrape-moi-si-tu-peux
       • https://www.pressreader.com/canada/le-journal-de-montreal/20150419/281479274949634
       • https://www.pressreader.com/canada/le-journal-de-quebec/20150419/281616713903202

   o Despite repeated formal requests, these articles remain accessible online, causing ongoing harm to the Plaintiff's reputation.

4. **Failure to Correct Defamatory Claims and Apologize**
   The Defendants have failed to correct these defamatory claims or issue any public apology or retraction. The Plaintiff has repeatedly requested a public retraction and an apology, but the Defendants have not acted on these demands.

- o This ongoing failure constitutes not only a violation of the Plaintiff's privacy and defamation rights but also exacerbates the damage to the Plaintiff's personal, professional, and business reputation.

5. **Consequences of Defamatory Articles**

   - o **Damage to Reputation**: The false portrayal of the Plaintiff as a criminal and fugitive has caused severe reputational harm, preventing the Plaintiff from fully engaging in personal and professional activities.

   - o **Violation of the Presumption of Innocence**: By perpetuating the false narrative, the Defendants have disregarded the Plaintiff's legal right to the presumption of innocence and the right to privacy, as guaranteed under both Canadian and Montana law.

6. **Request for Injunctive Relief**
   **The Plaintiff respectfully requests that the Court issue an injunction ordering the permanent removal** of these defamatory articles from the **TVA** and **Journal de Montréal** platforms. This injunction should also prevent the Defendants from republishing similar defamatory content in the future.

# DEFANDANT– LA PRESSE'S FAILURE TO RESPOND TO DEFAMATORY CONTENT REMOVAL REQUESTS

1. **Failure to Remove Defamatory Article**
   The Plaintiff claims that **La Presse** has intentionally perpetuated defamatory content by refusing to remove the article published on **December 12, 2013,** titled *"Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama"*
   https://www.lapresse.ca/affaires/201312/12/01-4720184-un-fraudeur-obtient-de-nouveaux-papiers-et-senfuit-au-panama.php , written by journalist **André Dubuc**. Despite formal requests, including a **Legal Notice** dated **April 17, 2025**, La Presse has failed to take any corrective actions, thereby continuing to inflict harm upon the Plaintiff's reputation, emotional well-being, and business operations.

2. **Refusal to Amend or Retract the Defamatory Article**
   The Plaintiff sent multiple legal notices demanding the immediate removal, retraction, and correction of the article, as well as a public apology. **La Presse's** refusal to comply with these demands has allowed the article to remain accessible online, perpetuating false claims of criminality and fraud that have no factual or legal basis.

   - o **La Presse's** assertion that the article was based on judicial records is misleading. The article was a malicious publication, falsely branding the Plaintiff as a "fraudeur" without any legal conviction or evidence to support such a claim.

3. **Ongoing Harm Caused by the Article**

   o The article continues to falsely associate the Plaintiff with a criminal operation, despite no legal findings or evidence to substantiate the claims.

   o The Plaintiff's **right to be forgotten** has been disregarded, as La Presse continues to allow this defamatory material to circulate freely, causing irreversible damage to the Plaintiff's personal and professional reputation.

   o As a result of **La Presse**'s refusal to remove the defamatory article, the Plaintiff is seeking damages for **reputational harm, psychological distress, economic losses**, and **constitutional rights violations**.

4. **Request for Injunctive Relief**

   o The Plaintiff respectfully requests that the Court issue a permanent injunction requiring **La Presse** to remove the article from their website and archives. Additionally, the Plaintiff seeks an order for **La Presse** to issue a **formal public retraction** and **apology** for publishing and perpetuating the defamatory content.

# DEFENDANT – ANDRÉ DUBUC AND LA PRESSE: MALICIOUS DEFAMATION AND PERPETUATION OF FALSE NARRATIVES

1. **Deliberate Misrepresentation in High-Profile Media Publication**
   On or around December 12, 2013, journalist André Dubuc, writing for *La Presse*, published an article titled *"Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama"* ("A Fraudster Obtains New Papers and Flees to Panama"), which falsely and maliciously labeled the Plaintiff, Robert Paul Yann Savoie, as a "fraudeur" (fraudster), falsely alleging that he intentionally deceived Passport Canada to flee the country and evade justice. This article was published despite lacking verified legal foundation and was timed just before the Plaintiff's release from custody—**appearing calculated to permanently destroy his reputation and block his reintegration.**

2. **False Accusation of Passport Misconduct Without Proof**
   The article falsely claimed that the Plaintiff obtained a passport by deception after his original document was seized, suggesting that he lied to obtain a new passport by claiming it was lost in Cuba, and then "fled" to Panama. In reality, the Plaintiff maintains that his notarial declaration was truthful, and the passport was issued by Passport Canada lawfully. No such act of deception was ever proven.

3. **Publication Despite Ongoing Legal Process and Presumption of Innocence**
   The article was published in the middle of ongoing legal proceedings, when multiple matters were still being contested. Instead of respecting the presumption of innocence or reporting neutrally, the journalist portrayed the Plaintiff as a dangerous and manipulative

figure, without offering any statement from the Plaintiff, his legal counsel, or any balance to the defamatory accusations.

4. **Intent to Sensationalize and Vilify**
   The use of inflammatory language and distorted framing—including irrelevant mentions of firearms found in the possession of unrelated co-accused individuals—was designed to amplify the outrage and stigmatize the Plaintiff as a criminal kingpin. The article had no intention of reporting facts; it aimed to smear, incite fear, and turn the Plaintiff into a **permanent scapegoat.**

5. **Consequences: Exile, Imprisonment, and Lifelong Reputational Harm**
   This defamatory publication directly contributed to:

- The revocation of the Plaintiff's passport and ongoing denial of mobility rights;

- His wrongful imprisonment in the Cayman Islands for over three months, where he was ultimately found **not guilty**;

- His constructive exile, ongoing to this day, preventing him from returning to Canada with his minor daughter;

- A permanent digital stain, with the article still circulating online and used as a basis for defamatory repetition by others, including police, Crown prosecutors, and journalists.

6. **Direct Communication with André Dubuc Confirmed Malice**
   After publication, the Plaintiff personally contacted André Dubuc by phone and requested a correction or retraction. Mr. Dubuc replied dismissively, stating that "everything was correct" and that he had no intention to remove or amend the article. He then abruptly hung up on the Plaintiff. This response confirms not only malice, but a complete refusal to engage in any responsible journalistic practice or fact-checking process.

7. **La Presse's Failure to Retract or Update**
   Even after the Plaintiff was found **not guilty** in several of the claims implied or made in the article, *La Presse* and André Dubuc have never retracted, corrected, or even updated the publication. **Their silence reflects not just negligence but ongoing malice.**

8. **Malice, Negligence, and Intent to Frame**
   The Plaintiff asserts that this article was not merely sloppy journalism—it was a targeted hit job, timed for maximum impact to ensure his public destruction. Its release just before his release from prison gave the appearance of a coordinated effort to ensure he would "never recover." **The media, knowingly or recklessly, contributed to a 15-year-long campaign of persecution.**

9. **Request for Damages and Injunctive Relief**
   The Plaintiff seeks compensatory and punitive damages against both André Dubuc and

*La Presse* for defamation, irreparable reputational injury, economic loss, and emotional trauma. He also requests:

- Permanent takedown of the article across all platforms;

- A formal retraction and public apology;

- A court order prohibiting any republication or repetition of the false statements

# DEFANDANT-3 – RADIO CANADA'S FAILURE TO RESPOND TO RIGHT TO BE FORGOTTEN REQUESTS

1. **Violation of the Right to be Forgotten**
   The Plaintiff claims that **Société Radio-Canada** (CBC/Radio-Canada), by failing to remove the defamatory article published on their website and accessible at https://ici.radio-canada.ca/nouvelle/504506/arrestations-presumees-fraudes, has violated the Plaintiff's **right to be forgotten**, which is enshrined in privacy and defamation law. Despite repeated requests to remove the article and its continued harm to the Plaintiff's reputation, Radio-Canada has failed to take any corrective action.

2. **Formal Takedown Requests Ignored**
   The Plaintiff issued more than three formal notices, including a **mise en demeure**, requesting the immediate removal of the article from Radio-Canada's website, yet these requests were ignored. The Plaintiff's legal notices, dated **April 17, 2025, April 25, 2025, and June 5, 2025**, explicitly demanded the removal of this defamatory content, yet no response was received, and no action was taken by Radio-Canada to comply with these requests.

3. **Ongoing Harm and Legal Action**
   The continued publication of this defamatory article is causing ongoing harm to the Plaintiff's reputation, emotional well-being, and business operations. Despite the Plaintiff's rightful requests to de-index and remove the article, Radio-Canada has willfully disregarded these concerns. This persistent failure to remove the false information constitutes a continuing tort under both Canadian and U.S. law and further exacerbates the damage caused by the Defendants' coordinated efforts to destroy the Plaintiff's life.

4. **Defamation and Privacy Violations**
   The Plaintiff claims that Radio-Canada's failure to address these takedown requests and to remove the defamatory content is in direct violation of the Plaintiff's rights under privacy laws, defamation standards, and international human rights protections. The Plaintiff requests an injunction from this Court, ordering Radio-Canada to permanently

remove the defamatory article from its platform and to cease further republication of any similar defamatory material.

1. # DEFANDANT- Conseiller.ca owner Newcom Média Québec

2. ## REFUSAL BY NOT RESPONDING TO DEMAND FOR REMOVAL

3. ### Failure to Respond to Defamatory Content Removal Requests
   The Plaintiff claims that several Defendants, including **Conseiller.ca OWN by Newcom Média Québec.** and its related parties, have failed to respond to the Plaintiff's formal legal notices demanding the immediate removal of defamatory content published by these outlets. These notices have been ignored, leading to the ongoing perpetuation of false and damaging information about the Plaintiff.

**1. Formal Legal Notices Given**

The Plaintiff has sent **two formal legal notices** to **Conseiller.ca,** owned by **Newcom Média Québec,** regarding the defamatory article titled *"Interdiction d'exercice contre 16 individus et 7 pseudo-cabinets".* https://www.conseiller.ca/nouvelles/industrie/interdiction-dexercice-contre-16-individus-et-7-pseudo-cabinets/ These notices are outlined below:

4. **Notice on May 2, 2025**
   o The Plaintiff sent a **formal Legal Notice** outlining the defamatory nature of the article, published on **December 10, 2009,** and updated in **2023.**
   o The notice demanded the **immediate removal** of the article and all related content referencing the Plaintiff or **Air Bermuda Inc.,** due to the false association with criminal activity.
   o The Plaintiff argued that the continued publication of the article was causing ongoing harm to his reputation, emotional well-being, and business.

   **Notice on July 14, 2025**

   o The Plaintiff sent a **follow-up formal Legal Notice** to **Conseiller.ca,** emphasizing that the defamatory article and content remain online despite the previous demand for removal.
   o The notice restated the Plaintiff's demand for the **immediate removal** of the article, citing the continued and escalating harm to the Plaintiff's reputation and business.

5. **Failure to Act in Good Faith**
   Despite the Plaintiff's clear and reasonable demands, **Conseiller.ca** failed to take appropriate action to remove the defamatory content or correct the misleading representations. This inaction has allowed the false narrative to persist, further harming the Plaintiff's personal and professional reputation. The Plaintiff has also presented evidence of this failure, including documentation of the legal notice and communication.

6. **Consequences of Defendants' Inaction**

   o The **failure to remove** the defamatory content has caused ongoing harm to the Plaintiff's **business relationships, contractual opportunities**, and **financial success**. The Plaintiff has lost millions of dollars in contracts and business opportunities, directly linked to the continued online publication of this defamatory material.

   o The Plaintiff's **right to be forgotten** has been further violated by the refusal to remove content that has been online for over 14 years and updated as recently as 2023, causing continuous harm under the **continuous publication doctrine**.

7. **Request for Immediate Action**

   o The Plaintiff demands immediate compliance with the removal request for the defamatory article, including:

      ▪ **Permanent takedown** of the article from **Conseiller.ca** and any related digital archives.

      ▪ **Formal confirmation** from **Conseiller.ca** that the article has been removed and that no similar defamatory material will be republished.

      ▪ A written **public apology** for publishing misleading and false information about the Plaintiff.

8. **Legal Actions Pending**

   o If the Defendants continue to ignore the Plaintiff's demands, the Plaintiff intends to file a **lawsuit** in **Flathead County, Montana** to seek damages for **reputational harm, emotional distress**, and **lost business opportunities**.

   o The Plaintiff will also seek **punitive damages** and **injunctive relief** to prevent further dissemination of defamatory content.

## DEFANDANT-5 CAYMAN COMPASS' FAILURE TO RESPOND TO MULTIPLE REMOVAL REQUESTS

1. **Failure to Respond to Takedown Requests**
   The Plaintiff claims that **Cayman Compass** has repeatedly failed to respond to formal takedown requests demanding the removal of defamatory articles about the Plaintiff. Despite multiple requests, including formal notices dated **April 22, 2025**, and **February 12, 2025**, Cayman Compass has refused to act on these requests, allowing harmful and defamatory content to remain accessible online and continue to damage the Plaintiff's reputation.

2. **Formal Notices Ignored**
   The Plaintiff sent multiple legal notices to **Cayman Compass** over a span of **three years** requesting the removal of defamatory articles. These notices were clear, providing a deadline of **April 25, 2025**, for the removal of defamatory content, including:

   o **"Bail refused after alleged boat theft"** (published December 31, 2014) https://www.caymancompass.com/2014/12/31/bail-refused-after-alleged-boat-theft/

   o **"Bad sailor not guilty of boat theft"** (published March 13, 2015) Despite the Plaintiff's attempts, **Cayman Compass** failed to respond to any of these notices, disregarding the harm caused by the continued publication of these articles. https://www.caymancompass.com/2015/03/13/bad-sailor-not-guilty-of-boat-theft/

3. **Violation of the Right to Be Forgotten**
   The Plaintiff argues that **Cayman Compass's** failure to remove these defamatory articles violates the **right to be forgotten**, a legal principle that protects individuals from continued harm caused by outdated or inaccurate online content. These articles have been online for over **10 years** and continue to damage the Plaintiff's reputation despite the Plaintiff's exoneration and no conviction in any criminal proceedings.

4. **Ongoing Harm from the Defamatory Content**
   The Plaintiff continues to suffer substantial harm, including **emotional distress** and **lost business opportunities**, because the defamatory articles remain publicly accessible and indexed by major search engines. The **Cayman Compass's** refusal to comply with formal takedown requests further exacerbates this harm, leading to continuous reputational damage.

5. **Request for Immediate Action**
   The Plaintiff demands that **Cayman Compass** immediately:

   o **Remove** the defamatory articles from their website and archives.

   o **De-index** the articles from search engines, including Google, Bing, and others.

   o **Issue a public retraction** and apology for publishing the defamatory content that *has harmed the Plaintiff.*

6. **Legal Actions and Consequences of Inaction**
   If **Cayman Compass** continues to ignore the Plaintiff's requests, the Plaintiff will proceed with filing a **$17.5 million lawsuit** in **Flathead County, Montana**, as well as pursuing claims in the **Grand Court of the Cayman Islands**.

- o The Plaintiff seeks damages for **reputational harm, emotional distress**, and **economic loss** resulting from the ongoing publication of these defamatory articles.

7. **Final Notice Before Litigation**
The Plaintiff's **final notice** has been issued, and if **Cayman Compass** does not act by **April 25, 2025**, the Plaintiff will proceed with legal action, seeking damages and injunctive relief.

# DEFANDANT-GOOGLE LLC'S REFUSAL TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
The Plaintiff claims that **GOOGLE NORTH AMERICA INC. and Google LLC** has repeatedly failed to remove defamatory content despite multiple formal notices requesting the removal of outdated and harmful articles. These articles continue to be indexed and displayed in **Google Search**, causing significant harm to the Plaintiff's reputation and business. Despite clear legal requirements and multiple requests, **Google** has consistently refused to act on the Plaintiff's **right to be forgotten** and remove or de-index the defamatory content.

2. **Acknowledgment of Notice and Refusal to Act**

- o On **April 17, 2025**, and **April 22, 2025, Google LLC** acknowledged receipt of the Plaintiff's formal demand for the removal of defamatory content, including **URLs** linked to false accusations.

- o On **June 5, 2025, Google LLC** again refused to remove the content, citing procedural requirements for court documentation, shifting the burden of proof improperly onto the Plaintiff. This refusal is detailed in **Exhibit** provide on demand, which shows Google's refusal to de-index the URLs despite clear and formal requests from the Plaintiff.

3. **Failure to Acknowledge Defamation**
Despite receiving detailed evidence and legal arguments, **Google LLC** ignored the Plaintiff's requests to remove defamatory articles, including:

- o Articles from **Journal de Montréal** ("Attrape-moi si tu peux", April 18, 2015)

- o **"Un Québécois épinglé au Panama"** (TVA Nouvelles, September 19, 2012)

    **"Un vol de bateau explique une route entre paradis fiscaux"** (Journal de Montréal, February 22, 2015)

Articles from **La Presse** ("Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama", December 12, 2013)

- o Articles from **TVA Nouvelles** ("Un Québécois épinglé au Panama", September 19, 2012)

- o Articles from **Cayman Compass** ("Bail refused after alleged boat theft", June 8, 2015).
  Google's decision not to act on the Plaintiff's demands constitutes an ongoing failure to address the issue of reputational harm caused by the continued indexing of these defamatory articles.

4. **Third Refusal to Remove Content**
   On **June 5, 2025**, **Google LLC** issued its third formal refusal, stating that it could not remove or de-index the defamatory URLs unless the Plaintiff provided burdensome criminal court documentation. **Google** failed to consider the Plaintiff's right to privacy and the ongoing harm caused by the publication of these defamatory articles. The email from **Google LLC** is detailed in **Exhibit** (Third Refusal to Remove), which outlines their position.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **Google LLC's** refusal to act has caused and continues to cause substantial personal, professional, and economic harm. As a result of these failures, the Plaintiff has lost business opportunities, suffered emotional distress, and endured reputational harm that has severely impacted personal and business life.
   **Google's inaction** is now being treated as deliberate complicity in the ongoing defamation, exposing them to direct legal liability.

6. **Final Legal Notice Before Lawsuit**
   The Plaintiff formally notified **Google LLC** on **May 3, 2025**, and **June 13, 2025**, that failure to comply with the takedown requests would result in a **$17.5 million defamation lawsuit** filed in the **District Court of Flathead County, Montana**. This third final notice demanded that **Google** remove all defamatory search results and cached content related to the Plaintiff's name by **June 16, 2025**. The refusal of **Google LLC** to comply has left the Plaintiff with no choice but to pursue legal action.

7. **Request for Immediate Relief**

- o The Plaintiff demands **immediate removal** of all defamatory content and **de-indexing** of URLs related to the Plaintiff's name from Google's search results.

    o  The Plaintiff also seeks an **injunction** preventing **Google LLC** from further indexing defamatory articles and requires **Google** to confirm in writing that they have complied with these requests.

# DEFANDANT – YAHOO INC.'S REFUSAL TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that **YAHOO AD TECH LLC (Yahoo Inc.)** has repeatedly failed to remove defamatory content despite multiple formal requests. Despite providing Yahoo with clear notice regarding the defamatory nature of the content and the ongoing harm it causes, Yahoo has ignored the Plaintiff's requests and continues to display and index harmful material related to the Plaintiff's name.

2. **Acknowledgment and Refusal to Act**
   On **April 30, 2025**, the Plaintiff issued a **final notice** to **Yahoo Inc.** requesting the immediate removal and de-indexing of defamatory articles. Yahoo's refusal is acknowledged in correspondence dated **May 6, 2025**, where they confirmed receipt of the Plaintiff's request but ultimately decided not to act on it, despite the clear evidence provided by the Plaintiff. On **July 3, 2025**, **Yahoo Inc.** was again formally notified by the Plaintiff's **third and final demand**, but the company failed to comply,

3. **Failure to Acknowledge Defamation**
   Despite providing detailed rebuttals, **factual evidence**, and judicial filings to Yahoo, the company has **failed to act** or correct the ongoing publication of defamatory content, including the following:

- **Journal de Montréal:** "Attrape-moi si tu peux" (April 18, 2015)

- **Cayman Compass:** "Bail refused after alleged boat theft" (June 8, 2015)

- **La Presse:** "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

- **TVA Nouvelles:** "Un Québécois épinglé au Panama" (September 19, 2012)

- **Radio-Canada:** "Présumé fraudeur arrêté au Panama" (April 6, 2011)

- **PressReader:** Published articles from **Journal de Montréal** and **La Presse**.

4. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, including detailed **legal rebuttals** and **evidentiary support,** were ignored. The Plaintiff also argued that continued indexing of the defamatory articles violates **U.S. defamation law**, the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten. Yahoo**

**Inc.'s** refusal to comply with these lawful requests further exacerbates the Plaintiff's reputational harm, emotional distress, and business losses.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **Yahoo Inc.**'s failure to remove these defamatory articles is causing **ongoing reputational harm**, **emotional distress**, and **financial loss**. The Plaintiff has been left with no alternative but to proceed with a **$17.5 million defamation lawsuit** in the **District Court of Flathead County, Montana**, and intends to hold **Yahoo Inc.** accountable for their deliberate inaction.

6. **Request for Immediate Relief**
   The Plaintiff demands that **Yahoo Inc.**:

- Immediately remove and de-index the URLs listed above.

- Provide written confirmation of the removal no later than **July 17, 2025**.

- Acknowledge the ongoing harm caused by the continued publication and the Plaintiff's legal right to have defamatory content removed from search engines.

# DEFENDANT-BING'S FAILURE TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that Bing, owned and operated by Microsoft Corporation, has failed to remove defamatory content despite multiple formal requests for removal. Despite clear legal notifications, Bing continues to index and display false, defamatory, and outdated articles related to the Plaintiff, causing substantial and ongoing harm to their reputation and livelihood.

2. **Acknowledgment and Refusal to Act**
   On May 2, 2025, the Plaintiff sent a first and final legal notice to Microsoft/Bing Legal Department demanding the immediate de-indexing and removal of defamatory articles. In the correspondence dated May 9, 2025, Bing acknowledged receipt of the Plaintiff's request but refused to take any action, citing irrelevant procedural concerns and misdirecting the Plaintiff to third-party publishers.

Bing's Response -- May 20, 2025:
Bing responded on May 20, 2025, requesting a court order or similar documentation to proceed with the Plaintiff's request. They refused to act unless provided with a court order, despite the Plaintiff's formal legal notice, which had already been delivered by certified mail on May 7, 2025. Bing's response effectively ignored the Plaintiff's legal notification and refusal to act in good faith. The Plaintiff views this as willful bad faith.

Bing's Email (May 20, 2025):

"Please provide a copy of the court order or similar documentation supporting your request. We will need this in order to proceed with our review of your request."
"If you have contacted the site owner and the content is no longer on the site, please use the Content Removal Tool to request removal of outdated content in Bing web results: https://www.bing.com/webmaster/help/bing-content-removal-tool-cb6c294d"

3. **Plaintiff's Response – May 20, 2025:**
   On the same day, May 20, 2025, the Plaintiff responded to Bing's email, warning them that their refusal to act would result in a lawsuit. The Plaintiff made it clear that Bing's inaction, despite formal notification and evidence, would be grounds for legal action, including a $17.5 million USD defamation claim and a motion for injunctive relief. However, Bing chose to ignore the Plaintiff's response, preferring to continue their refusal to act.

**Plaintiff's Response Email (May 20, 2025):**

"You are now one of the selected parties I will sue directly — not because of the original content, but because of your ongoing refusal to act in good faith after legal notification. I will be obtaining a court order — but it will not come alone. It will come attached to a $17.5 million USD defamation claim and a motion for injunctive relief with Microsoft Corporation named as a defendant."

4. **Failure to Acknowledge Defamation**
   Despite clear and factual rebuttals provided by the Plaintiff, Bing refused to de-index the defamatory content and continued to display links to:

   - Journal de Montréal: "Attrape-moi si tu peux" (April 18, 2015)

   - Cayman Compass: "Bail refused after alleged boat theft" (June 8, 2015)

   - La Presse: "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

   - TVA Nouvelles: "Un Québécois épinglé au Panama" (September 19, 2012)

   - Radio-Canada: "Présumé fraudeur arrêté au Panama" (April 6, 2011)

   - Conseiller.ca: "Interdiction d'exercice contre 16 individus et 7 pseudo-cabinets" (2023).

5. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, which included detailed legal rebuttals and evidentiary support, were ignored by Bing. The Plaintiff argued that continued indexing of the defamatory articles violates U.S. defamation law, the continuous publication doctrine under Montana law, and the GDPR standards concerning the

right to be forgotten. Despite these formal notices, Bing's failure to act exacerbated the ongoing harm to the Plaintiff's reputation and legal rights.

6. **Ongoing Harm and Legal Recourse**
The Plaintiff asserts that Bing's failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of Bing's inaction, the Plaintiff will proceed with a $17.5 million defamation lawsuit in the District Court of Flathead County, Montana, naming Microsoft Corporation as a co-defendant.

7. **Request for Immediate Relief**
The Plaintiff demands that Bing immediately:

- **Remove and de-index all URLs listed above.**

- **Provide written confirmation that these defamatory articles have been removed by May 16, 2025.**

- **Acknowledge the ongoing harm caused by the continued indexing of defamatory content and comply with the right to be forgotten.**

8. **Final Warning and Legal Action**
The Plaintiff issued a final warning to Bing on May 20, 2025, after the refusal to act was officially documented. The Plaintiff made it clear that a court order would be sought, along with a $17.5 million USD defamation claim and a motion for injunctive relief, all of which will be submitted to the court in Flathead County, Montana. This response from Bing has now officially been recorded as willful bad faith, and a lawsuit will proceed based on Bing's continued refusal to act despite formal legal notice and evidence.

# DEFANDANT-PRESS READER INC.'S FAILURE TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
The Plaintiff claims that **PressReader Inc.** has failed to remove defamatory content despite multiple formal requests. Despite clear legal notifications and multiple demands for content removal, **PressReader** continues to distribute and publish false, defamatory, and harmful articles related to the Plaintiff, causing significant and ongoing damage to their reputation and livelihood.

2. **Acknowledgment and Refusal to Act**
On **April 28, 2025**, the Plaintiff issued a **final legal notice** to **PressReader Inc.**, requesting the immediate removal and de-indexing of defamatory content. **PressReader** acknowledged receipt of the Plaintiff's request but, in correspondence dated **May 9, 2025**,

refused to take any action. **The company cited that they are merely a digital distributor and that the request must come from the original publisher.** This response ignored the harm caused to the Plaintiff and the need for **PressReader to take responsibility for the ongoing dissemination of the defamatory content.**

3. **Failure to Acknowledge Defamation**
   Despite clear and detailed evidence provided by the Plaintiff, **PressReader Inc.** continued to refuse to take action to remove the defamatory content. The articles that remain accessible and have caused harm include:

   o **Journal de Montréal:** "Attrape-moi si tu peux" (April 18, 2015)

4. **Failure to Comply with Legal Requirements**
   The Plaintiff's formal requests, which included detailed **legal rebuttals** and **evidentiary support**, were ignored by **PressReader.** The Plaintiff argued that continued indexing of defamatory articles violates **U.S. defamation law,** the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten.** **PressReader's** refusal to comply with these lawful requests exacerbated the ongoing harm to the Plaintiff's reputation and legal rights.

5. **Ongoing Harm and Legal Recourse**
   The Plaintiff asserts that **PressReader's** failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of **PressReader's** inaction, the Plaintiff will proceed with a **$17.5 million defamation lawsuit** in the **District Court of Flathead County, Montana,** naming **PressReader Inc.** as a Defendant.

6. **Request for Immediate Relief**
   The Plaintiff demands that **PressReader Inc.** immediately:

   o Remove and de-index all URLs listed above.

   o Provide written confirmation that these defamatory articles have been removed by **July 30, 2025.**

   o Acknowledge the ongoing harm caused by the continued indexing of defamatory content and comply with the **right to be forgotten.**

# DEFANDANT- DUCKDUCKGO'S FAILURE TO REMOVE DEFAMATORY CONTENT

1. **Failure to Remove Defamatory Content**
   The Plaintiff claims that **DuckDuckGo, Inc.** has failed to remove defamatory content despite multiple formal requests. Despite clear legal notifications and multiple demands for content removal, **DuckDuckGo** has ignored the Plaintiff's requests and continues to

index and display defamatory content, which causes significant and ongoing harm to the Plaintiff's reputation and livelihood.

2. **Acknowledgment and Refusal to Act**
On **May 1, 2025**, the Plaintiff sent a **first notice** to **DuckDuckGo**, requesting the immediate de-indexing and removal of defamatory articles. **DuckDuckGo** Despite clear and detailed requests, **DuckDuckGo** has failed to remove or de-index the defamatory content.

3. **Failure to Acknowledge Defamation**
Despite providing detailed **legal rebuttals** and **evidentiary support**, **DuckDuckGo** refused to act on the Plaintiff's demand. The articles that remain accessible and continue to cause harm include:

   o **Journal de Montréal**: "Attrape-moi si tu peux" (April 18, 2015)

   o **Cayman Compass**: "Bail refused after alleged boat theft" (June 8, 2015)

   o **La Presse**: "Un fraudeur obtient de nouveaux papiers et s'enfuit au Panama" (December 12, 2013)

   o **TVA Nouvelles**: "Fraude au REER – Sept ans de recours pour les faire plaider coupable" (August 3, 2016)

   o **Radio-Canada**: "Présumé fraudeur arrêté au Panama" (April 6, 2011).

4. **Failure to Comply with Legal Requirements**
The Plaintiff's formal requests, which included detailed **legal rebuttals** and **evidentiary support**, were ignored by **DuckDuckGo**. The Plaintiff argued that continued indexing of defamatory articles violates **U.S. defamation law**, the **continuous publication doctrine** under Montana law, and **GDPR** standards concerning the **right to be forgotten**. **DuckDuckGo's** refusal to comply with these lawful requests exacerbates the ongoing harm to the Plaintiff's reputation and legal rights.

5. **Ongoing Harm and Legal Recourse**
The Plaintiff asserts that **DuckDuckGo's** failure to remove these defamatory articles has caused ongoing reputational harm, emotional distress, and financial loss. As a result of **DuckDuckGo's** inaction, the Plaintiff will proceed with a **$17.5 million defamation lawsuit** in the **District Court of Flathead County, Montana**, naming **DuckDuckGo, Inc.** as a Defendant.

6. **Request for Immediate Relief**
The Plaintiff demands that **DuckDuckGo, Inc.** immediately:

   o Remove and de-index all URLs listed above.

- o   Provide written confirmation that these defamatory articles have been removed by **May 8, 2025**.

- o   Acknowledge the ongoing harm caused by the continued indexing of defamatory content and comply with the **right to be forgotten**.

# DEFENDANT-JEAN-FRANÇOIS CLOUTIER'S
## REFUSAL TO ENGAGE IN PHONE CONVERSATION

1. **Refusal to Respond During Phone Call**
   The Plaintiff asserts that **Jean-François Cloutier**, after receiving multiple formal notices, was directly contacted via phone in an attempt to resolve the matter. During this phone call, **Cloutier** refused to engage in a meaningful conversation regarding the defamatory articles and promptly hung up, despite the Plaintiff's efforts to discuss the removal of the defamatory content.

2. **Failure to Address Defamation**
   The Plaintiff claims that **Cloutier's** refusal to engage in the phone call demonstrates a lack of willingness to correct or remove the false content, further indicating his bad faith in perpetuating the defamatory narrative. Instead of addressing the serious and ongoing harm caused by his published articles, **Cloutier** avoided accountability by ending the conversation abruptly.

3. **Ongoing Harm from Defamation**
   This failure to respond and resolve the issue amicably has led to continuous harm to the Plaintiff's reputation, emotional distress, and significant damage to his professional and personal life. The Plaintiff asserts that **Cloutier's** actions are part of a deliberate effort to disregard his legal rights, resulting in further reputational harm.

4. **Legal Recourse and Continued Legal Actions**
   The Plaintiff, given **Cloutier's** refusal to communicate and act in good faith, will proceed with **$17.5 million in defamation claims** in the **District Court of Flathead County, Montana**, holding **Jean-François Cloutier** personally accountable for the defamatory statements and his continued refusal to act on requests to remove and retract the content.

# DEFENDANT– DEFENDANT GROUPE TVA INC.

1. **The Defendant, Groupe TVA Inc.**
   The Defendant, Groupe TVA Inc., is a Canadian mass media company headquartered in Montréal, Québec, Canada, and is engaged in the publishing and distribution of news and information through various platforms, including television and digital media. As a major media outlet, Groupe TVA Inc. is responsible for creating, publishing, and distributing defamatory content about the Plaintiff.

2. **Groupe TVA Inc.'s Role in Defamation**
   The Plaintiff claims that Groupe TVA Inc. published multiple false and defamatory articles

concerning the Plaintiff, which were accessible both in Canada and internationally, including the State of Montana. These publications were widely circulated and have caused significant harm to the Plaintiff's personal and professional reputation. Notably:

- o "Un Québécois épinglé au Panama" (TVA Nouvelles, September 19, 2012) https://www.tvanouvelles.ca/2012/09/19/un-quebecois-epingle-au-panama

- o "Fraude au REER – Sept ans de recours pour les faire plaider coupable" (TVA Nouvelles, August 3, 2016) https://www.tvanouvelles.ca/2016/08/03/fraude-au-reer--sept-ans-de-recours-pour-les-faire-plaider-coupable

These articles falsely portrayed the Plaintiff as a fraudster and criminal fugitive, without any factual basis or legal convictions, thereby causing extensive reputational damage, emotional distress, and loss of business opportunities.

3. **Groupe TVA Inc.'s Responsibility for Defamatory Content**
   Groupe TVA Inc., as the publisher and distributor of these defamatory materials, is directly responsible for the ongoing harm caused by the publication. Despite multiple formal requests for removal, correction, and retraction of the defamatory content, Groupe TVA Inc. has refused to take appropriate action, allowing the content to remain available online.

4. **Failure to Act on Requests for Removal**
   The Plaintiff issued several formal notices to Groupe TVA Inc., including the April 17, 2025, notice, demanding the immediate removal of the defamatory articles. Groupe TVA Inc. acknowledged receipt of the demand but refused to take corrective action, maintaining the defamatory content online despite its damaging impact on the Plaintiff's reputation and legal standing.

Response from Mark Bantey (April 29, 2025):
On April 29, 2025, Mark Bantey, representing MédiaQMI Inc., Québecor Média Inc., and Groupe TVA Inc., responded to the Plaintiff's formal demand. In his response, Bantey stated that the reports in question were accurate, published in good faith, and in the public interest. As a result, the defendants refused to follow up on the Plaintiff's demand letter.

Mark Bantey's Response (April 29, 2025):

"On behalf of our clients MédiaQMI Inc., Québecor Média Inc., and Groupe TVA Inc., we acknowledge receipt of your demand letter of April 17, 2025. The reports you are complaining about were accurate and were published in good faith and in the public interest. In the circumstances, our clients do not intend to follow up on your demand letter."

5. **Legal Consequences of Continued Defamation**
   By failing to act on the Plaintiff's formal requests, Groupe TVA Inc. is not only perpetuating false and harmful information but is also engaging in malicious defamation. The Plaintiff asserts that the refusal to comply with the demand for removal is indicative of bad faith and negligence, which strengthens the Plaintiff's case for aggravated and punitive damages.

6. **Request for Immediate Relief**
   The Plaintiff demands the following actions from Groupe TVA Inc.:

   - o Immediate and permanent removal of all defamatory articles attributed to Groupe TVA Inc.

   - o Public retraction and formal apology to be posted on the same platforms where the defamatory content was published.

     o   **Written confirmation of compliance within 7 days of receipt of this notice.**

7. **Legal Action**
   **Failure to comply with the Plaintiff's demands will result in immediate legal action for defamation,
   with claims for $17,500,000 USD in damages for reputational harm, emotional distress, financial loss,
   and punitive damages. The Plaintiff will pursue these claims in Flathead County, Montana, and seek
   enforcement of any judgment in Québec.**

# DEFENDANT– DEFENDANT QUÉBECOR MÉDIA INC.

1. **The Defendant, Québecor Média Inc., is a major Canadian media corporation headquartered in
   Montréal, Québec, Canada. Québecor Média Inc.** owns QMI Media Inc., the parent company of
   **Journal de Montréal,** and is responsible for the publication and distribution of news content through these
   platforms.

2. **Québecor Média Inc.'s Role in Defamation**
   The Plaintiff claims that **Québecor Média Inc.,** through its subsidiary **QMI Media Inc.** and **Journal de
   Montréal,** published multiple false and defamatory articles about the Plaintiff. These publications have
   caused significant harm to the Plaintiff's reputation, emotional well-being, and personal and business life.
   Specifically, the articles published in **Journal de Montréal** painted the Plaintiff as a fraudster and criminal
   fugitive, without any factual basis or legal convictions.

3. **Failure to Act on Requests for Removal**
   The Plaintiff issued several formal notices to **Québecor Média Inc.,** including the **April 17, 2025, legal
   notice,** demanding the immediate removal of defamatory content. Despite the Plaintiff's clear requests,
   **Québecor Média Inc.** has refused to take corrective action, allowing the defamatory content to remain
   online. This continued failure to act exacerbates the damage caused by these publications.

4. **Legal Responsibility of Québecor Média Inc.**
   As the owner of **QMI Media Inc.** and **Journal de Montréal, Québecor Média Inc.** is legally responsible
   for the defamatory content published by its subsidiaries. **Québecor Média Inc.** had the authority to
   intervene and remove the defamatory material but chose not to do so, allowing it to remain accessible
   online.

5. **Request for Immediate Relief**
   The Plaintiff demands the following actions from **Québecor Média Inc.:**

        o   **Immediate and permanent removal** of all defamatory articles published by **Journal de
   Montréal** and attributed to **QMI Media Inc.**.

        o   **Public retraction** and formal apology to be posted on the same platforms where the defamatory
   content was published.

        o   **Written confirmation** of compliance within 7 days of receipt of this notice.

6. **Legal Action**
   Failure to comply with the Plaintiff's demands will result in immediate legal action for **defamation,** with
   claims for **$17,500,000 USD** in damages for reputational harm, emotional distress, financial loss, and
   punitive damages. The Plaintiff will pursue these claims in **Flathead County, Montana,** and seek
   enforcement of any judgment in **Québec.**

# DEFENDANT – JEAN-SÉBASTIEN PERREAULT'S
## ROLE IN DEFAMATORY PROPAGATION AND COMPLICITY

1. **Active Role in Fabricating or Endorsing False Allegations**
   The Plaintiff alleges that Jean-Sébastien Perreault, an employee of The Bank of Nova Scotia (Scotiabank), actively contributed to the creation and dissemination of false and defamatory statements against the Plaintiff. These statements were later used as the basis for police investigations and defamatory media publications.

2. **Material Influence on Police Action and Prosecution**
   Mr. Perreault's actions directly influenced the laying of criminal charges against the Plaintiff in Nova Scotia (Case #8519093), based on an unproven and vague accusation of "false pretense." Despite the absence of any financial loss, Mr. Perreault portrayed the Plaintiff as a criminal actor, allegedly pushing a false victim narrative involving Amherst Chrysler, which was never substantiated. Amherst Chrysler later confirmed there was no filed complaint and no loss.

3. **False and Reckless Accusations Without Justification**
   The Plaintiff asserts that Jean-Sébastien Perreault provided law enforcement with misleading or exaggerated information, including unsupported claims about a boat theft in the Cayman Islands and the Plaintiff's alleged involvement in boath theft other criminal activities. These statements lacked evidentiary support and were made recklessly, with knowledge of their likely damaging consequences.

4. **15-Year Persecution, Passport Revocations, and the Final Trigger**
   This entire lawsuit arises from a **15-year campaign of persecution** based on lies and false narratives that destroyed the Plaintiff's life, reputation, and mobility. The involvement of Mr. Perreault represents a continuation of that systemic abuse. The Plaintiff's **third passport cancellation for a total of 8.59 years**—triggered by the very false allegations spread and fueled by individuals like Mr. Perreault—was **the breaking point** ("The straw that broke the camel's back. ").
   It was based on the same defamatory media playbook that had already led to severe consequences in the past, including the Plaintiff's **unjust arrest and three months of imprisonment in the Cayman Islands**, from which he was ultimately **found not guilty**. These events collectively caused the Plaintiff to **explode and initiate this legal action** against all responsible parties.

5. **Nova Scotia's Stonewalling and Denial of Justice**
   Following Mr. Perreault's defamatory involvement, the Plaintiff was subjected to a **malicious and abusive prosecution** in Nova Scotia, where he was systematically **denied fundamental procedural rights**:

- The Crown and Court refused to hear or rule on multiple motions, including:

- o  A Motion to Dismiss

- o  A Motion to Quash the Arrest Warrant

- o  Multiple Jordan applications were filed, despite the case exceeding the 18-month constitutional delay **limit by more than threefold.**

- The Plaintiff's **constitutional right to self-representation** was **flatly denied**, contrary to Canadian law.

- The Court **refused to accommodate videoconference hearings,** despite clear justification: the Plaintiff was stranded abroad due to a **passport cancellation** caused by the very false allegations instigated by Mr. Perreault and others.

- The Plaintiff was also **refused access to disclosure** for over **520 days**, unless he retained a lawyer — a direct violation of the principle of natural justice.

As a result, the Plaintiff has now suffered **more than 785 days in forced exile,** unable to return to Canada with his minor daughter, and **denied access to justice,** in violation of the **Canadian Charter of Rights and Freedoms,** including Section 7 (life, liberty, and security), Section 6 (mobility rights), and Section 11(b) (right to a trial within a reasonable time).

6. **Impact on Plaintiff's Liberty and Mobility Rights**
   As a direct result of Mr. Perreault's false statements and the actions that followed, the Plaintiff suffered:

- **Prolonged persecution**

- **Denial of bail**

- **Loss of passport and travel rights**

- **Severe reputational harm**

- **Economic devastation**

- **Ongoing psychological trauma**

- **Interference with his ability to care for his minor daughter**

7. **Lack of Retraction or Clarification**
   Despite multiple opportunities, Mr. Perreault has **never retracted** or clarified his statements. He has **refused to distance himself** from the defamatory narrative, and the damage continues to persist across digital media and official government files.

8. **Request for Damages and Injunctive Relief**
   The Plaintiff seeks:

- **Compensatory and punitive damages** for defamation, mobility restrictions, Charter violations, and psychological distress.

- A **formal judicial declaration** that Mr. Perreault's statements were **false, malicious, and defamatory**.

- An **injunction requiring retraction** and an order preventing **further republication or dissemination** of these false claims.

# DEFENDANT – THE BANK OF NOVA SCOTIA (SCOTIABANK)

1. **Vicarious Liability for Jean-Sébastien Perreault's Conduct**
   The Bank of Nova Scotia (Scotiabank), as the employer of Jean-Sébastien Perreault, is **vicariously liable** for his defamatory and malicious conduct carried out within the scope of his employment. Mr. Perreault acted in his professional capacity when engaging with law enforcement and third parties regarding the Plaintiff, thereby binding the institution to the consequences of his statements and actions.

2. **Institutional Failure to Supervise and Investigate**
   Scotiabank failed to exercise **reasonable supervision, control, and internal investigation** into Mr. Perreault's conduct and the serious consequences it caused. Despite having access to factual documentation, financial records, and legal context, Scotiabank took **no corrective action** to retract or clarify the defamatory accusations made under its name.

3. **Complicity in Defamatory Narratives and Misuse of Authority**
   Scotiabank allowed its reputation and institutional authority to be weaponized to **falsely accuse the Plaintiff of fraud, false pretenses, and other criminal activity**, despite no confirmed financial loss, no internal complaint filed by the bank, and no direct evidence. The Plaintiff asserts that **Scotiabank's silence constituted complicity** in the continued persecution that followed.

4. **Contributing to Malicious Prosecution in Nova Scotia (Case #8519093)**
   The allegations fueled by Scotiabank personnel—including false narratives about financial loss and criminal conduct—became the **foundation for police action and Crown prosecution** in the Amherst Jeep case (Nova Scotia case #8519093). Scotiabank never withdrew or corrected the record, despite clear signs that the prosecution was flawed and unsupported.

5. **Involvement in Triggering a Third Passport Cancellation**
   The Plaintiff's **third passport cancellation** by Canadian authorities was directly linked to defamatory and misleading information provided by Scotiabank and its employee, forming part of the false narrative used to justify legal action and restrictions. This event

marked the final tipping point in a **15-year campaign of persecution,** much of which was rooted in false financial narratives.

6. **Damage to the Plaintiff's Reputation and Liberty**
   As a result of Scotiabank's institutional endorsement of defamatory narratives, the Plaintiff has suffered:

   o   Reputational ruin across national and international media;

   o   Unlawful passport cancellations affecting over 3,100 days (**8.59 Years**) of mobility;

   o   Three months of unlawful detention in the Cayman Islands based on similar defamatory claims;

   o   Denial of due process in Nova Scotia resulted in over **+785 days of constructive exile with the Plaintiff's minor daughter,** who was deprived of her first year of school and now stands to miss her second year, **compounding the harm inflicted on both parent and child. As a further consequence of this prolonged exile and passport cancellation, the Plaintiff's daughter has also been deprived of the opportunity to visit or reunite with her maternal grandmother in Panama, causing lasting emotional harm and disruption to essential family bonds.**

   o   **Psychological and economic devastation.**

7. **Failure to Retract, Apologize, or Clarify**
   Despite multiple requests, Scotiabank has **refused to issue any retraction, apology, or clarification** for the statements made by its representative. This silence reinforces the defamatory perception and ongoing legal and personal damage to the Plaintiff.

8. **Request for Damages and Injunctive Relief**
   The Plaintiff seeks:

   o   Compensatory damages for reputational, emotional, and financial harm;

   o   Punitive damages for institutional negligence and malicious disregard;

   o   An injunction requiring public retraction, correction, and prohibition against any future defamatory communications;

   o   A formal judicial declaration that Scotiabank's statements and conduct were false, harmful, and unjustified.

## DEFENDANT – SCOTIABANK'S REFUSAL TO PROVIDE ACCESS TO INFORMATION (ATIP)

1. **Obstruction of Access to Personal Information**

Scotiabank has refused to provide the Plaintiff with access to his own personal and account-related information under Access to Information and Privacy (ATIP) requests on more than five separate occasions.

2. **Imposition of Arbitrary and Unreasonable Requirements**

Despite being fully aware that the Plaintiff is stranded abroad due to unlawful passport cancellations and ongoing legal persecution, Scotiabank has repeatedly demanded that the Plaintiff appear in person to access his information—an impossible condition under the circumstances.

3. **Refusal of Reasonable Alternatives**

The Plaintiff made multiple good-faith offers to satisfy identity verification requirements and access protocols by:

- Presenting himself at a Canadian embassy or consulate;

- Visiting a Scotiabank branch abroad;

- Swearing a declaration before a notary public;

- Appearing by online videoconference with supporting ID and documentation.

Scotiabank rejected each of these reasonable alternatives without valid justification.

4. **Deliberate Withholding and Bad Faith Conduct**

The Plaintiff alleges that Scotiabank's conduct reflects a deliberate and malicious strategy to obstruct transparency, withhold critical documentation, and prolong the Plaintiff's legal vulnerability in matters that include both this defamation action and the related criminal persecution in Nova Scotia.

5. **Impact on Due Process and Fair Trial Rights**

By refusing access to essential information, Scotiabank has undermined the Plaintiff's right to access evidence necessary for his defense, for this civil action, and for related judicial proceedings in Canada and abroad—violating core principles of procedural fairness and accountability.

### ◆ New Evidence – October 25, 2012 Hearing Confirms the Entire Narrative Was Fabricated

On July 24, 2025, the Plaintiff finally received the long-awaited audio recording of the October 25, 2012 court hearing in Montreal—previously withheld for over a decade. This recording **categorically confirms that the Plaintiff was falsely portrayed** as a major recruiter and

orchestrator in a fraudulent network. In reality, the Plaintiff **recruited nobody**, **rented no office**, **installed no phone lines**, and **never conducted a single stock transaction**.

The Plaintiff's total involvement, if any, **spanned less than one month**, and consisted of limited, vague contact with individuals later charged—**no more than 3 to 5 short meetings** and **no significant role or leadership** whatsoever. The Plaintiff **never answered or made a single call** in relation to the operation. Despite this, the police and Crown fabricated a narrative painting the Plaintiff as a central figure in a conspiracy—**a lie that triggered 15 years of persecution, loss of liberty, exile, and defamation.**

In the same recording, **even the presiding judge noted that the evidence was "very weak."** This damning confirmation of systemic exaggeration and distortion proves that the Plaintiff was targeted unjustly. The Plaintiff intends to file **criminal complaints for perjury and abuse of public office** against the Crown prosecutor(s) and officers involved in presenting this false version of facts to the court.

## IV. DAMAGES

As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered the following damages:

1. **Reputational Harm**
   Loss of standing in the community, damaged business relationships, and lost future opportunities.
   **Claimed Amount: $7,500,000.00 USD**

2. **Economic Loss**
   Loss of clients, contracts, business revenue, and professional engagements.
   **Claimed Amount: $5,000,000.00 USD**

3. **Emotional Distress and Mental Anguish**
   Severe emotional suffering, anxiety, depression, and personal hardships.
   **Claimed Amount: $5,000,000.00 USD**

**Summary of Compensatory Damages**

| Type of Damage | Amount (USD) |
| --- | --- |
| Reputational Harm | $7,500,000.00 |
| Economic Loss | $5,000,000.00 |
| Emotional Distress and Mental Anguish | $5,000,000.00 |
| **Total** | **$17,500,000.00** |

**Daily Ongoing Harm**

**The Plaintiff estimates that the continued online availability and dissemination of the defamatory material causes him no less than $5,000 USD per day in ongoing reputational, economic, and emotional damages.**

## V. PUNITIVE DAMAGES JUSTIFICATION

Given the Defendants' vast financial resources, and the repeated, willful, and malicious refusal to remove defamatory material after being notified on multiple occasions, an award of **punitive damages** in an amount **no less than $25 million** is necessary to:

- **Punish the Defendants for their egregious conduct;**

- **Deter the Defendants and other similarly situated entities from engaging in similar misconduct in the future;**

- **Reflect the gravity of the harm inflicted upon the Plaintiff's personal, professional, and emotional life.**

**Only a substantial punitive damages award can adequately achieve the purposes of punishment and deterrence in this case, given the Defendants' enormous size, influence, and financial strength.**

**Comparative Benchmark – Carroll v. Trump:**

**The Plaintiff respectfully reserves the right to present, at the appropriate stage of this litigation, a comparative analysis of punitive damages based on the recent high-profile defamation case *Carroll v. Trump*, in which the jury awarded $83.3 million USD for reputational harm, emotional distress, and punitive damages. In that case, the defamatory conduct involved a false denial and disparagement of a single public statement. By contrast, the Plaintiff has endured a 15-year campaign of coordinated defamation, police-media collusion, public humiliation, constructive exile, loss of liberty, and irreversible destruction of both professional reputation and personal identity. The severity, duration, and institutional nature of the defamation against the Plaintiff far exceeds the harm evaluated in Carroll. If proven, the conduct alleged in this case could justify punitive damages in the range of $500 million to $1 billion USD, depending on the final facts and the degree of bad faith revealed in discovery. However, the Plaintiff respectfully requests that the determination of punitive damages be reserved for a later stage of these proceedings, after all Defendants have been properly served and have had the opportunity to respond**

## VI. REQUEST FOR INJUNCTIVE RELIEF

In addition to monetary damages, the Plaintiff respectfully requests that this Court issue a **permanent injunction** requiring the Defendants to:

- **Immediately and permanently de-index and remove all search results and publications linking to the defamatory materials identified herein;**

- **Prohibit the Defendants from reindexing, republishing, or redistributing the same or substantially similar defamatory content in the future.**

Monetary damages alone are insufficient to remedy the ongoing and compounding harm caused by the continued online publication of defamatory statements.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Montana Rules of Civil Procedure, the Plaintiff hereby **demands a trial by jury on all issues so triable in this case.**

**VII. PRAYER FOR RELIEF**

**WHEREFORE, the Plaintiff, Robert Paul Yann Savoie Zarate, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, and award the following relief:**

1. **Compensatory Damages** in the amount of **$17,500,000.00 USD;**

2. **Punitive Damages** in the amount of **$25,000,000.00 USD to 500,000,000.00 USD;**

3. **Pre- and Post-Judgment Interest** at the maximum legal rate;

4. **Costs of This Action;**

5. **Permanent Injunctive Relief** as set forth above;

6. **Such Other and Further Relief** as the Court deems just and proper.

Respectfully submitted,

# Date: August 6, 2025

**Signature:**

_Robert Paul Yann Savoie Zarate_
_6 August 2025_

**Robert Paul Yann Savoie Zarate**

1001 South Main, Suite 49
Kalispell, Montana 59901, USA
Phone: +1 (406) 503-3035
Email: robert.usa.ltd@gmail.com

**Robert Paul Yann Savoie Zarate**
1001 South Main, Suite 49
Kalispell, Montana 59901
United States
Phone: (406) 503-3035
Email: robert.USA.ltd@gmail.com

CLERK OF DISTRICT COURT

2025 AUG 19 AM 4: 27

FILED

BY_____
      DEPUTY

Date: Wednesday, August 6, 2025

To: Clerk of the Court
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901

**Re: Filing of First Amended Complaint and Request for 4 Summonses**
**Case No.:** DV-15-2025-0001090-DQ
**Plaintiff:** Robert Paul Yann Savoie Zarate v. Google LLC, Microsoft Corporation, Québecor Media Inc., et al.

**Dear Clerk of the Court,**

Please find enclosed the following documents for filing in the above-captioned matter:

1. First Amended Complaint
2. Four Proposed Summonses for newly added Defendant: **Jean Sebastien Perreault, Andre Dubuc and tow for The Bank of Nova Scotia (Scotiabank), Canada 60 days, Usa 30 days.**

I respectfully request that the Court:

- File the enclosed First Amended Complaint; and
- Issue **Four Summonses**, as follows:

1. One Summons to be served on **Scotiabank's Canadian Head Office** in Toronto, Ontario — allowing **60 days to respond** in accordance with international service rules.
2. One Summons to be served on **Scotiabank's U.S. Office** at 250 Vesey Street, New York, NY 10281 — allowing **30 days to respond** under domestic service rules.
3. Jean sebastien Perreault
4. Andre Dubuc
5. Upon issuance of the summonses, I will ensure timely service and file proof of service with the Court.

Should the Clerk require any clarification, please do not hesitate to contact me using the contact details above.

Thank you for your assistance in this matter.

Respectfully,

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se

4.01



## 📄 SUMMONS — THE BANK OF NOVA SCOTIA (SCOTIABANK)

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No.: DV-15-2025-0001090-DQ**

**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,

v.

**GOOGLE LLC, et al., including THE BANK OF NOVA SCOTIA (SCOTIABANK),**
Defendants.

# SUMMONS

TO: **The Bank of Nova Scotia (Scotiabank)**

You are hereby summoned to respond to the **First Amended Complaint** in this action, which has been filed in the above-named Court.

You must serve your **written Answer or responsive pleading** within **30 days** after the date you are served with this Summons and Complaint.

If you fail to respond, **judgment by default** may be taken against you for the relief demanded in the Complaint.

**Date:**

**Clerk of Court:**
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901

**By Deputy Clerk:** _____



 **SUMMONS — THE BANK OF NOVA SCOTIA (SCOTIABANK)**

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No.: DV-15-2025-0001090-DQ**

**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,
v.
**GOOGLE LLC, et al., including THE BANK OF NOVA SCOTIA (SCOTIABANK),**
Defendants.

# SUMMONS

TO: **The Bank of Nova Scotia (Scotiabank)**

You are hereby summoned to respond to the **First Amended Complaint** in this action, which has been filed in the above-named Court.

You must serve your **written Answer or responsive pleading** within **60 days** after the date you are served with this Summons and Complaint.

If you fail to respond, **judgment by default** may be taken against you for the relief demanded in the Complaint.

**Date:**

**Clerk of Court:**
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901

**By Deputy Clerk:** _____



 **SUMMONS — JEAN-SÉBASTIEN PERREAULT**

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No.:** DV-15-2025-0001090-DQ

**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,

v.

**GOOGLE LLC, et al., including JEAN-SÉBASTIEN PERREAULT,**
Defendants.

# SUMMONS

TO: **Jean-Sébastien Perreault**

You are hereby summoned to respond to the **First Amended Complaint** in this action, which has been filed in the above-named Court.

You must serve your **written Answer or responsive pleading** within **60 days** after the date you are served with this Summons and Complaint.

If you fail to respond, **judgment by default** may be taken against you for the relief demanded in the Complaint.

**Date:**


**Clerk of Court:**
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901


**By Deputy Clerk:** _____

# 📄 SUMMONS — ANDRÉ DUBUC

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT**
**IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No.:** DV-15-2025-0001090-DQ

**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,
v.
**GOOGLE LLC, et al., including ANDRÉ DUBUC,**
Defendants.

# SUMMONS

TO: **André Dubuc**

You are hereby summoned to respond to the **First Amended Complaint** in this action, which has been filed in the above-named Court.

You must serve your **written Answer or responsive pleading** within **60 days** after the date you are served with this Summons and Complaint.

If you fail to respond, **judgment by default** may be taken against you for the relief demanded in the Complaint.

**Date:**


**Clerk of Court:**
Flathead County District Court
920 South Main Street, Suite 300
Kalispell, MT 59901


**By Deputy Clerk:** _____

FILED
08/08/2025
*Sara Smith*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Natalya Rogachevskay
DV-15-2025-0001090-DQ
Coffman, Danni
25.00

Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

*Attorneys for Defendants Microsoft Corporation, DuckDuckGo, and Yahoo Inc.*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., MICROSOFT CORPORATION, YAHOO INC., DUCKDUCKGO, JOURNAL DE MONTRÉAL, QUÉBECOR MÉDIA INC., LA PRESSE INC., CAYMAN COMPASS, JOHN DOE CORP.<br><br>Defendants. | Cause No. DV-15-2025-0001090-DQ<br>Hon. Danni Coffman<br><br><br><br>**NOTICE OF APPEARANCE** |

COMES NOW, Matt J. Kelly and the law firm of Tarlow Stonecipher Weamer & Kelly, PLLC, 1705 West College Street, Bozeman, Montana 59715, and enters his appearance as counsel of record for Defendants Microsoft Corporation, Yahoo Inc., and DuckDuckGo.

DATED this 8th day of August, 2025.     TARLOW STONECIPHER
WEAMER AND KELLY, PLLC

_____
Matt J. Kelly

*Robert Paul Yann Savoie Zarate v. Google, Inc., et al.*
Notice of Appearance
Page 1

## CERTIFICATE OF SERVICE

I, Matt J. Kelly, hereby certify that I have served true and accurate copies of the foregoing Notice - Notice of Appearance with Fee to the following on 08-08-2025:

Robert Paul Yann Savoie Zarate (Plaintiff)
1001 South Main, Suite 49
Kalispell MT 59901
Service Method: First Class Mail

Electronically Signed By: Matt J. Kelly
Dated: 08-08-2025

F I L E D
08/08/2025
*Sara Smith*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Natalya Rogachevskay
DV-15-2025-0001090-DQ
Coffman, Danni
26.00

Paul J. Lopach, MSB# 4206
Bryan Cave Leighton Paisner LLP
1700 North Lincoln Street, Suite 4100
Denver, CO  80203-4541
Telephone:  (303) 861-7000
Fax:  (303) 866-0200
Email:  paul.lopach@bclplaw.com

*Attorneys for Defendants*
*Google North America Inc. and*
*Google LLC*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
### FLATHEAD COUNTY

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE NORTH AMERICA INC., et al., <br><br> Defendants. | **NOTICE OF ENTRY OF APPEARANCE** <br><br> Case No. DV-15-2025-1090-DQ <br><br> Dept. E |

Paul J. Lopach, Esq., Montana State Bar No. 4206, of Bryan Cave Leighton Paisner LLP,

1700 North Lincoln Street, Suite 4100, Denver, Colorado, 80203, hereby enters his appearance on

behalf of Defendants Google North America Inc. and Google LLC and requests service of all

pleadings, motions, orders or other papers filed in this action.

Respectfully submitted this 8th day of August, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

By: _____
　　　Paul J. Lopach
　　　Attorneys for Defendants
　　　Google North America Inc. and Google LLC

617385171.2

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 8th day of August 2025, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid:

Robert Paul Yann Savoie Zarate
1001 South Main Street, Suite 49
Kalispell, MT 59901
Telephone: 406-503-3035
Email: Robert.usa.ltd@gmail.com

BRYAN CAVE LEIGHTON PAISNER LLP

By: _____
Paul J. Lopach
Attorneys for Defendants
Google North America Inc. and Google LLC

617385171.2

## CERTIFICATE OF SERVICE

I, Paul J. Lopach, hereby certify that I have served true and accurate copies of the foregoing Notice - Notice of Appearance to the following on 08-08-2025:

Robert Paul Yann Savoie Zarate (Plaintiff)
1001 South Main, Suite 49
Kalispell MT 59901
Service Method: First Class Mail

Electronically Signed By: Paul J. Lopach
Dated: 08-08-2025

FILED
08/08/2025
Sara Smith
CLERK
Flathead County District Court
STATE OF MONTANA
By: Natalya Rogachevskay
DV-15-2025-0001090-DQ
Coffman, Danni
27.00

Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

*Attorneys for Defendants Microsoft Corporation, DuckDuckGo, and Yahoo Inc.*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., MICROSOFT CORPORATION, YAHOO INC., DUCKDUCKGO, JOURNAL DE MONTRÉAL, QUÉBECOR MÉDIA INC., LA PRESSE INC., CAYMAN COMPASS, JOHN DOE CORP.<br><br>Defendants. | Cause No. DV-15-2025-0001090-DQ<br>Hon. Danni Coffman<br><br>**DEFENDANTS MICROSOFT CORPORATION, YAHOO INC., AND DUCKDUCKGO'S UNOPPOSED MOTION FOR EXTENSION** |

Defendants Microsoft Corporation, Yahoo Inc., and DuckDuckGo file this motion requesting a 30-day extension to answer, file a motion, or otherwise respond to Plaintiff's Complaint.  The proposed extended deadline is September 8, 2025.  Defendants Microsoft Corporation, Yahoo Inc., and DuckDuckGo represent that the Plaintiff has been contacted regarding this motion and does not oppose it.  A proposed order is submitted with this Motion.

DATED this 8th day of August, 2025.

TARLOW STONECIPHER
WEAMER AND KELLY, PLLC

_____
Matt J. Kelly

*Robert Paul Yann Savoie Zarate v. Google, Inc., et al.*
Defendants Microsoft Corporation, Yahoo Inc., and DuckDuckGo's Motion for Extension
Page 1

## CERTIFICATE OF SERVICE

I, Matt J. Kelly, hereby certify that I have served true and accurate copies of the foregoing Motion **-** Unopposed to the following on 08-08-2025:

Robert Paul Yann Savoie Zarate (Plaintiff)
1001 South Main, Suite 49
Kalispell MT 59901
Service Method: First Class Mail

Electronically Signed By: Matt J. Kelly
Dated: 08-08-2025

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT**
**FLATHEAD COUNTY**

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., MICROSOFT CORPORATION, YAHOO INC., DUCKDUCKGO, JOURNAL DE MONTRÉAL, QUÉBECOR MÉDIA INC., LA PRESSE INC., CAYMAN COMPASS, JOHN DOE CORP.<br><br>Defendants. | Cause No. DV-15-2025-0001090-DQ<br>Hon. Danni Coffman<br><br>**ORDER GRANTING DEFENDANTS MICROSOFT CORPORATION, YAHOO INC., AND DUCKDUCKGO'S UNOPPOSED MOTION FOR EXTENSION** |

Upon review of Defendant Microsoft Corporation, Yahoo Inc., and DuckDuckGo's Unopposed Motion for Extension, submitted by counsel for the aforementioned Defendants, the Court finds that good cause exists to grant the motion.

IT IS HEREBY ORDERED that Defendant Microsoft Corporation, Yahoo Inc., and DuckDuckGo's Unopposed Motion for Extension is GRANTED.

IT IS FURTHER ORDERED that the deadline for counsel for Microsoft Corporation, Yahoo, Inc., and DuckDuckGo to file their answer, a motion, or otherwise respond to Plaintiff's Complaint is **September 8, 2025.**

**ELECTRONICALLY SIGNED AND DATED BELOW**

cc:    Matt J. Kelly
       Robert Paul Yann Savoie Zarate

FILED

08/08/2025
*Sara Smith*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Natalya Rogachevskay
DV-15-2025-0001090-DQ
Coffman, Danni
4.35

Paul J. Lopach, MSB# 4206
Bryan Cave Leighton Paisner LLP
1700 North Lincoln Street, Suite 4100
Denver, CO  80203-4541
Telephone:  (303) 861-7000
Fax:  (303) 866-0200
Email:  paul.lopach@bclplaw.com

*Attorneys for Defendants*
*Google North America Inc. and*
*Google LLC*

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE NORTH AMERICA INC., et al., <br><br> Defendants. | **GOOGLE DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT** <br><br> Case No. DV-15-2025-1090-DQ <br><br> Dept. E |

Pursuant to M. R. Civ. P. 6(b)(1), Defendant Google North America Inc. and Defendant Google LLC (collectively, "***Google Defendants***"), through undersigned counsel, respectfully move the Court for an enlargement of time to file an answer or other response to Plaintiff Robert Paul Yann Savoie Zarate's ("***Plaintiff***") First Amended Complaint in this matter.  Counsel for the Google Defendants have conferred with *pro se* Plaintiff regarding the relief requested herein, and Plaintiff has advised that he does not oppose the requested extension of time.

Google Defendants were originally served in this case on July 22, 2025.  Pursuant to M. R. Civ. P. 12(a)(1)(A), any answer or other response would have been due by August 12, 2025. On August 6, 2025, with less than 14 days remaining before any response was due, Plaintiff filed

a First Amended Complaint ("*FAC*").  Pursuant to M. R. Civ. P. 15(a)(3), Google Defendants'

response then became due August 20, 2025.

  An enlargement of time of 20 days, up to and including Tuesday, September 9, 2025, will

assist Google Defendants in preparing an appropriately researched and supported answer or other

response.  No prejudice will result from the enlargement of time as the Plaintiff has agreed to the

extension, it appears that many of the 15 other defendants named in the case have not yet been

served, and no trial date or hearings have been set in the matter, so no delay will result.

  WHEREFORE, Google Defendants respectfully request that the deadline for them to file

any answer or other response permitted under the Montana Rules of Civil Procedure to Plaintiff's

FAC be extended to Tuesday, September 9, 2025.

  DATED this 8th day of August, 2025.

          BRYAN CAVE LEIGHTON PAISNER LLP


By: _____
    Paul J. Lopach
    Attorneys for Defendants
    Google North America Inc. and Google LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 8th day of August 2025, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid:

Robert Paul Yann Savoie Zarate
1001 South Main Street, Suite 49
Kalispell, MT 59901
Telephone: 406-503-3035
Email: Robert.usa.ltd@gmail.com

BRYAN CAVE LEIGHTON PAISNER LLP

By: _____
        Paul J. Lopach
        Attorneys for Defendants
        Google North America Inc. and Google LLC

## CERTIFICATE OF SERVICE

I, Paul J. Lopach, hereby certify that I have served true and accurate copies of the foregoing Motion - Unopposed to the following on 08-08-2025:

Robert Paul Yann Savoie Zarate (Plaintiff)
1001 South Main, Suite 49
Kalispell MT 59901
Service Method: First Class Mail

Electronically Signed By: Paul J. Lopach
Dated: 08-08-2025

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE NORTH AMERICA INC., et al.,<br><br>Defendants. | **ORDER RE: GOOGLE DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Case No. DV-15-2025-1090-DQ<br><br>Dept. E |

Upon Defendant Google North America Inc. and Defendant Google LLC's (collectively, "**Google Defendants**") Motion for Enlargement of Time to Answer or Otherwise Respond to First Amended Complaint and good cause appearing,

IT IS HEREBY ORDERED that Google Defendants shall have up to and including Tuesday, September 9, 2025 to file a response to the Plaintiff Robert Paul Yann Savoie Zarate's First Amended Complaint.

DATED this _____ day of August, 2025.

By the Court:

_____

District Court Judge

🗎 **MOTION TO ADD DEFENDANTS**

CLERK OF DISTRICT COURT
2025 AUG 11 PM 4:03
FILED
BY_____ *OH*
DEPUTY

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
# IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA

**Case No. DV-15-2025-0001090-DQ**
**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,

v.

**GOOGLE LLC, et al.,**
Defendants.

# PLAINTIFF'S MOTION TO ADD ADDITIONAL DEFENDANTS

COMES NOW the Plaintiff, **Robert Paul Yann Savoie Zarate**, and respectfully moves this Honorable Court, pursuant to **Montana Rules of Civil Procedure Rule 15(a)(1) and Rule 21**, to permit the addition of the following parties as named defendants in the above-captioned matter:

1. **Jean-Sébastien Perreault** – employee of the Bank of Nova Scotia (Scotiabank), who provided false and defamatory statements used to justify police charges and media defamation.

2. **The Bank of Nova Scotia** (also known as Scotiabank) – whose agents or employees were materially involved in the creation and dissemination of defamatory narratives that led to the unlawful cancellation of the Plaintiff's passport and associated harms.

3. **André Dubuc** – journalist at *La Presse* who republished damaging falsehoods that contributed to international reputation damage and denial of fundamental rights.

**LEGAL BASIS**

This request is timely and appropriate. No responsive pleadings have yet been filed by existing defendants, and Plaintiff is within his right to amend the complaint and name additional responsible parties. Montana law encourages liberal amendment of pleadings in the interest of justice, particularly before trial and before any prejudice to defendants would result.

The inclusion of these parties is essential to the complete adjudication of the claims and damages asserted.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and allow the addition of **Jean-Sébastien Perreault, André Dubuc, and The Bank of Nova Scotia** as defendants in this action.

Respectfully submitted,
Dated: August 4, 2025

*Robert Paul Yann Savoie Zarate*
*4 August 2025*

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.Usa.ltd@gmail.com

4.40

### 📄 TEMPORARY CERTIFICATE OF SERVICE (Truthful Version)

I hereby certify that I will serve a true and correct copy of the foregoing:

- Plaintiff's Motion to Add Additional Defendants

- Amended Motion for Jury Trial

upon all parties previously served and any newly named defendants **within seven (7) days,** and that I will file an updated Certificate of Service after doing so.

Dated: August 4, 2025

**Robert Paul Yann Savoie Zarate**
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.robert.ltd@gmail.com

CLERK OF DISTRICT COURT
2025 AUG 11 PM 4:02

FILED

BY_____

DEPUTY

MOTION FOR JURY TRIAL

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT**
**IN AND FOR THE COUNTY OF FLATHEAD, STATE OF MONTANA**

**Case No. DV-15-2025-0001090-DQ**
**ROBERT PAUL YANN SAVOIE ZARATE,**
Plaintiff,
v.
**GOOGLE LLC, MICROSOFT CORPORATION, QUEBECOR MEDIA INC.,**
et al.,
Defendants.

# MOTION FOR JURY TRIAL

COMES NOW the Plaintiff, **Robert Paul Yann Savoie Zarate**, and hereby **demands a trial by jury** on all issues so triable in the above-captioned matter, pursuant to **Rule 38 of the Montana Rules of Civil Procedure**.

This demand is timely made and is filed in accordance with all applicable rules.

Respectfully submitted,
Dated: August 4, 2025

*Robert Paul Yann Savoie Zarate*
*4 August 2025*

**Robert Paul Yann Savoie Zarate**
Plaintiff, Pro Se
1001 South Main Street, Suite 49
Kalispell, MT 59901
Phone: (406) 503-3035
Email: robert.robert.ltd@gmail.com

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                              Civil No. **DV-15-2025-0001090-DQ**

**DANNI COFFMAN**

v.                              **SUMMONS**

## THE BANK OF NOVA SCOTIA (SCOTIABANK),

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this __14__ day of __August__ , 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: __8/14/25__

*Sara Smith*

CLERK OF THE DISTRICT COURT

(Seal)

By: __Brian M Clark__

Deputy Clerk

8/12

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**

# DANNI COFFMAN

v.                    **SUMMONS**

## RADIO-CANADA INC.,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___14th___ day of ___August___ , 20_25_ at the hour of _____ o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: _08/14/2025_

(Seal)

By: _____

Deputy Clerk

9/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                                   Civil No. **DV-15-2025-0001090-DQ**

# DANNI COFFMAN

v.                          **SUMMONS**

Conseiller.CA

~~NEWCOM MÉDIA QUÉBEC(owner of Conseiller.ca),~~

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___14th___ day of ___August___ , 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: __08/14/2025__        *Sara Smith*

                            CLERK OF THE DISTRICT COURT

(Seal)

By: _____

Deputy Clerk



**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**

# DANNI COFFMAN

v.          **SUMMONS**

## PRESS READER INC.,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___14th___ day of ___August___ , 20 _25_ at the hour

of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: _08/14/2025_

(Seal)

By: _Brent M Clark_

Deputy Clerk

SEAL
ELEVENTH JUDICIAL DISTRICT COURT · FLATHEAD COUNTY · MONTANA
★ ★ ★

8/12

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**
**DANNI COFFMAN**

v.                                    **SUMMONS**

## JEAN-SÉBASTIEN PERREAULT,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20__25__ at the hour of _____ o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: ___08/15/2025___



*Sara Smith*
CLERK OF THE DISTRICT COURT

(Seal)

By: ___Brian M Clark___

Deputy Clerk

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                    Civil No. **DV-15-2025-0001090-DQ**

v.                    SUMMONS    DANNI COFFMAN

## CAYMAN COMPASS,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20 _25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: _08/15/2025_

(Seal)

By: _Brenm M Clark_

Deputy Clerk



8/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff

                     Civil No. **DV-15-2025-0001090-DQ**

                           **DANNI COFFMAN**

v.                       **SUMMONS**

## ANDRÉ DUBUC,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___, 20_25_ at the hour of _____o'clock, _____.m.


You also must file your answer or motion with the court:


**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870


*Sara Smith*

Date: ___08/15/2025___          CLERK OF THE DISTRICT COURT

(Seal)

By: ___Brian M Clark___

Deputy Clerk

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901


# Robert Paul Yann Savoie Zarate,

Plaintiff                                    Civil No. **DV-15-2025-0001090-DQ**

                                                                    **DANNI COFFMAN**

v.                                **SUMMONS**


# LA PRESSE INC.,

Defendants .


**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**


**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff  's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: __08/15/2025__

(Seal)

By: _____

Deputy Clerk



**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

# Robert Paul Yann Savoie Zarate,

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**

# DANNI COFFMAN

v.                                                    **SUMMONS**

# GROUPE TVA INC.,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this __15th__ day of __August__ , 20 __25__ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: __08/15/2025__

*Sara Smith*

CLERK OF THE DISTRICT COURT

(Seal)

By: _____

Deputy Clerk



**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

**Robert Paul Yann Savoie Zarate,**

Plaintiff                           Civil No. **DV-15-2025-0001090-DQ**

**DANNI COFFMAN**

v.                                  **SUMMONS**

**QUÉBECOR MÉDIA INC.,**

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___, 20_25_ at the hour of _____ o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: ___08/15/2025___

(Seal)

By: _____

Deputy Clerk

8/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                                  Civil No. **DV-15-2025-0001090-DQ**

## DANNI COFFMAN

v.                            **SUMMONS**

## JEAN-FRANCOIS CLOUTIER,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff  's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___, 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: _08/15/2025_

(Seal)

By: _Brian M Clark_

Deputy Clerk

ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY
SEAL
MONTANA
★ ★ ★



8/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                    Civil No. **DV-15-2025-0001090-DQ**

**DANNI COFFMAN**

v.                    **SUMMONS**

## PIERRE KARL PÉLADEAU,

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15ᵗʰ___ day of ___August___ , 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: _08/15/2025_

*Sara Smith*
CLERK OF THE DISTRICT COURT

(Seal)

By: _____

Deputy Clerk

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

**Robert Paul Yann Savoie Zarate,**

Plaintiff,                               Civil No. **DV-15-2025-0001090-DQ**

                                         # DANNI COFFMAN

v.                                       **SUMMONS**

**MICROSOFT CORPORATION (OWNER AND OPERATOR OF BING) ,**

Defendants.

THE STATE OF MONTANA, TO THE ABOVE NAMED DEFENDANT(S), GREETING(S):

YOU ARE HEREBY SUMMONED to answer the FIRST AMENDED COMPLAINT in this action, which is filed in the above entitled Court. A copy of same is served upon you. You must file your written answer with the above entitled Court and serve a copy upon the Plaintiff(s), or Plaintiff's attorney within twenty (21) days after the service of this Summons, exclusive of the day of service.

FAILURE TO APPEAR AND ANSWER will allow judgment to be taken against you by default, for the relief demanded in the Complaint.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: _08/15/2025_

(Seal)

By: _Brian M Clark_

Deputy Clerk

*Sara Smith*

CLERK OF THE DISTRICT COURT

9/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

# Robert Paul Yann Savoie Zarate,

Plaintiff                              Civil No. **DV-15-2025-0001090-DQ**

## DANNI COFFMAN

v.                              **SUMMONS**

# MédiaQMI Inc. (Journal de Montréal),

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this __15th__ day of __August__ , 20__25__ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: __08/15/2025__

(Seal)

By: _____

Deputy Clerk



**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901


## Robert Paul Yann Savoie Zarate,

Plaintiff                          Civil No. **DV-15-2025-0001090-DQ**

# DANNI COFFMAN

v.                          **SUMMONS**


# DUCKDUCKGO INC.,

Defendants


**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**


**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this __15th__ day of __August__ , 20_25_ at the hour of _____o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: __08/15/2025__

(Seal)

By: _____

Deputy Clerk

8/12

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**

## DANNI COFFMAN

v.                                    **SUMMONS**

## GOOGLE NORTH AMERICA INC. and GOOGLE LLC,

Defendants

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20 _25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: ___08/15/2025___

(Seal)

By: _____

Deputy Clerk

8/12

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

**Robert Paul Yann Savoie Zarate,**

Plaintiff

Civil No. **DV-15-2025-0001090-DQ**

**DANNI COFFMAN**

v.                                    **SUMMONS**

**YAHOO AD TECH LLC (YAHOO INC.),**

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20_25_ at the hour of _____o'clock, _____.m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: ___08/15/2025___

(Seal)

By: _____

Deputy Clerk

*Sara Smith*

CLERK OF THE DISTRICT COURT

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

**Robert Paul Yann Savoie Zarate,**

Plaintiff

v.

**QUÉBECOR INC.,**

Defendants .

Civil No. DV-~~15-A025000400~~ **DANNI COFFMAN**

**SUMMONS**

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20_25_ at the hour of _____ o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

Date: _08/15/2025_

*Sara Smith*
CLERK OF THE DISTRICT COURT

(Seal)

By: _____

Deputy Clerk

**IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE
STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD**

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901

## Robert Paul Yann Savoie Zarate,

Plaintiff                              Civil No. **DV-15-2025-0001090-DQ**

                                               **DANNI COFFMAN**

v.                              **SUMMONS**

## ~~LES~~ PLACEMENT PELADEAU ~~INC.,~~

Defendants .

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED
DEFENDANTS :**

**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST
AMENDED COMPLAINT in this action which is filed in the office of the above-named
Court, a copy of which is herewith served upon you, and to file your answer and serve a
copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons,
exclusive of the day of service; and in case of your failure to appear and answer will
allow judgment to be taken against you by default, for the relief demanded in the
Complaint

GIVEN under my hand this ___15th___ day of ___August___ , 20 _25_ at the hour
of _____o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: _08/15/2025_

(Seal)

By: _____

Deputy Clerk

8/12

# IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

**Flathead County Justice Center**

920 South Main Street, Suite 300

Kalispell, MT 59901


# Robert Paul Yann Savoie Zarate,

Plaintiff                          Civil No. **DV-15-2025-0001090-DQ**

## DANNI COFFMAN

v.                    **SUMMONS**


# GOOGLE NORTH AMERICA INC. and GOOGLE LLC,

Defendants


## THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS :


**YOU, THE DEFENDANTS , ARE HEREBY SUMMONED** to answer the FIRST AMENDED COMPLAINT in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff 's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer will allow judgment to be taken against you by default, for the relief demanded in the Complaint

GIVEN under my hand this __15th__ day of __August__ , 20 _25_ at the hour of _____o'clock, _____ .m.

You also must file your answer or motion with the court:

**Flathead County District Court**

**Clerk of Court – Civil Division**

920 South Main Street, Suite 300

Kalispell, MT 59901

Phone: (406) 758-5870

*Sara Smith*

CLERK OF THE DISTRICT COURT

Date: __08/15/2025__

(Seal)

By: _____

Deputy Clerk