IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GOOGLE NORTH AMERICA, INC. et al.,<br><br>　　　　　Defendants. | CV 25–135–M–DWM<br><br>ORDER |

On July 15, 2025, Plaintiff Robert Paul Yann Savoi Zarate filed a state court complaint against various defendants alleging he was harmed by defamatory content describing a criminal case brought against him in the Cayman Islands. (Doc. 17.) Defendants Microsoft Corporation, DuckDuckGo Inc., and Yahoo Inc. ("Defendants") removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). To remove a case to federal court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." *Id.* § 1446(a).

1

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* at 1042 (internal quotation marks omitted).

For diversity jurisdiction purposes, an individual's citizenship is determined by where he or she is domiciled, and an individual's domicile is the location in which "she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotations marks and brackets omitted) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because "a person's residence is prima facie evidence of domicile and citizenship." *See, e.g., Lee v. BMW of N.A., LLC*, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation of citizenship in notice of

2

removal, based only on plaintiff's statement of residence in the complaint, sufficient to establish complete diversity); *Coronel v. Ford Motor Co.*, 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (same); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."). Jurisdiction is assessed as of the time the case is commenced. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

     Here, Defendants allege that Zarate is a "citizen of Montana," citing his state court complaint. (Doc. 1 at ¶ 9.) However, neither Zarate's original nor amended complaint states that he is a resident or citizen of Montana; rather, both pleadings state the following: "The Plaintiff, Robert Paul Yann Savoie Zarate, is an individual who, at the time of the publication of the defamatory statements complaints, was living and physically present in the State of Montana and still today maintains ongoing business and economic ties to Montana through multiple Montana-registered corporations . . . ." (Doc. 17 at 1, Doc. 18 at 2.) As such, Zarate's state court pleading actually disavows current residence within the state of Montana and fails to allege where his residence, domicile, or citizenship exists, undermining the usual means by which a defendant may meet its burden of pleading complete diversity. For example, there is no allegation that Montana is Zarate's current residence, *compare with Mondragon v. Capital One Auto. Fin.*,

3

736 F.3d 880, 885–86 (9th Cir. 2013) ("[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile."), and his turn of phrase "at the time of publication," (Doc. 17 at 1, Doc. 18 at 2), rebuts any "presumption of continuing domicile," *Mondragon*, 736 F.3d at 886, and prevents Defendants from alleging Zarate's Montana citizenship based "on information and belief," *Ehrmann v. Cox Comms, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Additionally, there is nothing in the remainder of the record connecting Zarate to Montana, *see Mondragon*, 736 F.3d at 886 (directing district courts to "consider the entire record to determine whether evidence of residency can properly establish citizenship" (internal quotation marks omitted)), and the Montana address associated with his filings is a proxy registered agent, (*see, e.g.*, Doc. 17 at 27). That same Montana address is then the registered agent address for two of his three alleged Montana-registered corporations. (*See* Doc. 18 at 2.)

Recognizing that, "[a]t the pleadings stage, allegations of jurisdictional fact need not be proven unless challenged," *Ehrman*, 932 F.3d at 1228, district "courts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action if subject matter jurisdiction is lacking). Because defendants' allegations do not "provide[] a short and plain statement of the parties' citizenship based on

information and belief" or otherwise, they have not met their burden of "pleading minimal diversity." *Ehrman*, 932 F.3d at 1228.

Accordingly, IT IS ORDERED that with fourteen (14) days of the date of this Order, Defendants must file a supplement to their Notice of Removal to adequately allege complete diversity. The failure to do so will result in this matter being remanded to the state court for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that by that same date, Defendants must respond to Zarate's motion to remand, (Doc. 24).

DATED this 8th day of September, 2025.

_____
Donald W. Molloy, District Judge
United States District Court