IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT PAUL YANN SAVOIE ZARATE, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE NORTH AMERICA, INC. et al., <br><br> Defendants. | CV 25–135–M–DWM <br><br> ORDER |

On July 15, 2025, Plaintiff Robert Paul Yann Savoie Zarate filed a state court complaint against various defendants alleging he was harmed by defamatory content describing a criminal case brought against him in the Cayman Islands. (Doc. 17.) Defendants Microsoft Corporation, DuckDuckGo Inc., and Yahoo Inc. ("Microsoft Defendants") removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) In light of the paucity of information regarding Zarate's current residence or domicile in either his pleadings or the Notice of Removal, the Microsoft Defendants were ordered to supplement their allegation of diversity jurisdiction. (Doc. 36.) They contacted Zarate, who stated: "I confirm that I presently maintain . residence in Montana, where I operate three business interests . . . . I am

1

temporarily abroad; as soon as my travel documents are reinstated, I will return to Montana, United States." (Doc. 68-1 at ¶ 2.) This response aggravates, not assuages, the Court's jurisdictional concerns. There are three possible combinations of citizenship that can give rise to complete diversity in the context of 28 U.S.C. § 1332(a).[1] None are met here.

First, § 1332(a)(1) provides for jurisdiction over disputes between "citizens of different States[.]" However, "to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis omitted); *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1091 (9th Cir. 1983) (collecting cases). The record indicates that Zarate is a Canadian national. (*See* Doc. 37-29.) He therefore cannot be a citizen of Montana for jurisdictional purposes.[2]

Second, § 1332(a)(2) provides for jurisdiction over disputes between "citizens of a State and citizens or subjects of a foreign state." However, this

---

[1] Subsection (4) is not relevant here.

[2] Zarate's domicile in Montana has also not been established as "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Zarate is undisputedly not present in Montana. While he has evinced an intent to return to Montana and courts recognize a "presumption in favor of an established domicile," *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986), the record does not show that Montana was Zarate's most recent domicile.

2

provision does not confer jurisdiction where a "case involve[s] a single foreign plaintiff . . . and numerous foreign defendants (in addition to U.S. defendants)." *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994). Because Zarate is a Canadian national, as are some named defendants—e.g., MediaQMI, Inc., La Presse Inc., Andre Dubuc, etc.—"the complete diversity required for jurisdiction under § 1332(a)(2) is lacking." *Jungil Lee v. ANC Car Rental Corp.*, 220 F. App'x 493, 495 (9th Cir. 2007).

Finally, "[u]nder the plain language of § 1332(a)(3), for jurisdiction to exist there must be both United States citizen plaintiffs and United States citizen defendants." *Id.* (citing *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985)). Because United States citizens—e.g., Google Inc., Microsoft, Inc., DuckDuckGo, etc.—are only on one side of the litigation here, § 1332(a)(3) does not apply.

Because complete diversity does not exist under 28 U.S.C. § 1332(a) and this defect cannot be cured by further pleading, this matter is remanded to state court. Moreover, the removing defendants have all been voluntarily dismissed from this action. (*See* Docs. 66, 71, 72.)

Based on the foregoing, IT IS ORDERED that this matter is REMANDED to the Montana Eleventh Judicial District Court, Flathead County, Montana. The Clerk is directed to terminate all pending motions, transfer the case file to the state

court, and close the above-captioned matter. No further filings will be accepted in this matter.

DATED this 24th day of September, 2025.

_____
Donald W. Molloy, District Judge
United States District Court